[No. 501.  Decided May 10, 1893.]

E. C. NEUFELDER, *Assignee*, *Appellant*, v. THE GERMAN AMERICAN INSURANCE COMPANY, *Respondent*.

FOREIGN CORPORATIONS — GARNISHMENT IN ANOTHER STATE — DEFENSE TO ACTION ·ON POLICY.

Where a foreign fire insurance company has been garnished in another state upon its indebtedness to a citizen of this state upon its policy of insurance, such fact is a good defense to an action in this state against the corporation.

*Appeal from Superior Court, King County.*

*Strudwick, Peters & Van Wyck*, for appellant.

*Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— This action was brought by the appellant to recover from the respondent the sum of $1,000 alleged to be due upon a policy of fire insurance issued by the respondent to one C. H. Knox, the assignor of the appellant. The respondent is a corporation incorporated and existing under the laws of the State of New York, and, at the time of issuing the policy under consideration, was lawfully authorized to transact business in this state.  It also carried on business in Oregon, California and other states and territories on the Pacific coast, and had a general agent for the management of its business in all of said states and territories, including Washington, whose office was at San Francisco, in the State of California.  Its funds for the payment of losses were kept by this general agent, or manager, at San Francisco, and disbursed by him as occasion required, the local agents in the several states having no authority to pay or settle for losses except by his special instructions.  On September 11, 1890, the respondent

issued a policy of insurance whereby it insured C. H. Knox against loss or damage by fire to the amount of $1,000 on a stock of merchandise belonging to him, or in which he was interested, in Seattle, from the 11th day of September, 1890, to the 11th day of September, 1891, which policy was duly executed by the respondent through its president and secretary in the State of New York, and countersigned by its duly authorized agent in the city of Seattle and by said agent there delivered to said Knox. On the 19th day of September, 1890, the property so insured was destroyed by fire, and the loss was duly adjusted at the sum of $1,000. On the 25th day of October, 1890, the assured made a general assignment for the benefit of his creditors, in accordance with the insolvency laws of this state, to the appellant, who accepted the trust and duly qualified as assignee.

After the loss occurred, and prior to the assignment of Knox to the appellant, certain creditors of Knox residing in San Francisco commenced actions in the superior court of the city and county of San Francisco, to recover the amounts due them, and caused the debt due from the respondent to Knox upon the insurance policy to be attached, in accordance with the laws of California, by delivering a copy of the writs of attachment to one Grant, the general agent of the company, together with a notice that the debt owing by respondent to the said Knox was attached in pursuance of said writs. The respondent admits its liability on the policy upon which this action was brought, and does not seek to evade the payment of the sum due, but contends that the levy of the garnishment process in California prior to the time of the assignment to the appellant is a bar to this action. Knox is a resident of this state, and no personal service was made upon him, nor did he enter an appearance in either of the actions in the State

of California in which the attachments were levied. The
service of summons was made by publication, in the man-
ner and for the length of time provided by the laws of
California.    Upon the facts found, concerning which there
is no controversy, the court below entered judgment in
favor of the respondent, and the question for our determina-
tion on this appeal is whether or not the court committed
error in so doing.

It is contended by the appellant that the California court
never obtained jurisdiction of the debt owing by the re-
spondent to Knox, because the *situs* of the debt was either
at the domicile of the creditor or at the domicile of the
debtor, and in either event was not within the jurisdiction
of the court.    And the argument is that the claim of Knox
against the insurance company is personal property, and,
as such, follows the person of the owner, but that if its
*situs* was at the domicile of the debtor, still it was in this
state and not in California, for the reason that the policy
of insurance was executed here, by a company doing busi-
ness here, and whose domicile was therefore here for all
purposes connected therewith, and especially for the pur-
pose of suit upon the contract.

It is conceded by the respondent that by establishing
agencies and doing business here and appointing an agent
upon whom service of process should be made, as required
by our statute, it became amenable to all the laws of this
state concerning foreign corporations, including the liabil-
ity to be sued for the enforcement of its obligations.    And
it is not contended by the respondent that the proceedings
in the California court are entitled to any faith or credit
here if that court had not jurisdiction of the respondent,
and of the debt attempted to be garnished there.    It is
well settled that if a court has neither jurisdiction of the
person of the defendant nor of his property, it has nothing

before it upon which it can adjudicate, and that any judgment it may render under such circumstances is of no validity whatever. *Pennoyer v. Neff*, 95 U. S. 714.

But it is not necessary, in order that a valid judgment may be rendered, that both the person and property of the defendant be within the territorial jurisdiction of the court. If property is attached, and the defendant is not personally served, and does not appear, and publication of the summons is duly and regularly made, the court has jurisdiction to render a judgment personal in form, but which affects only what is attached.   But such judgment will not authorize an execution against any other property, nor can it be made the basis of an action against the defendant.   Drake, Attachment (7th ed.), § 5; *Cooper v. Reynolds*, 10 Wall. 308.

The first inquiry, therefore, is, was the property of Knox attached by the service of the writ and notice upon the respondent at San Francisco?   And, there being no question as to the regularity of the garnishment proceedings, the answer must depend upon whether or not the respondent and the debt owing by it to the attachment defendant were within the jurisdiction of the court.   There is no question but what the money to pay the debt was in the possession of the respondent at San Francisco, although the particular sum required had not been set apart for that purpose prior to the service of the garnishment process.   The laws of California provide that any credit or other personal property in the possession or under the control of any person, or debts owing to the defendant, may be attached in the manner therein prescribed.   See Deering's Code Civ. Proc., §§ 542, 543, 544.   And under such a statute there is no doubt that a resident may be charged as garnishee in respect of a debt he owes to a non-resident.   But a non-resident is not subject to garnishment unless, when garnished, he have, in the state where the action is pending, and the

attachment is obtained, property of the defendant under his control, or he be bound to pay the defendant money, or to deliver to him goods at some particular place in that state. Hawes, Jurisdiction of Courts, § 253; 2 Drake, Attachment (7th ed.), § 474, and cases cited.

But it is claimed by the learned counsel for the appellant that this rule is not applicable in this case for the reason, as already stated, that the respondent cannot be deemed to have a domicile other than in this state, in respect to business transacted here, and for the further reason that the debt sought to be attached is and always has been at the domicile of the creditor in this state.

As to the validity of the policy of insurance, if that were in issue, we should say that the contract should be interpreted by the laws of this state. 1 May on Insurance, § 66; Wharton, Conflict of Laws, § 399; 3 Am. & Eng. Enc. Law, 551.

But we are not prepared to say that it can only be enforced in our own courts. On the contrary, we are of the opinion that the assured himself might have brought an action on his policy in California, or in any other state where the insurance company could be legally served with process.

It is no part or ingredient of the contract of insurance that it shall be enforced only in conformity to the law of the place where it is executed. *Griswold v. Union Mutual Ins. Co.*, 3 Blatchf. 231.

And as, in this instance, Knox could have collected his claim against the respondent in the courts of California, it follows that his creditors there had the same right to collect it by process of garnishment, and to apply the proceeds in satisfaction of their demands against him. In fact, garnishment, while in the nature of a proceeding *in rem*, is, in effect, an action by the defendant in the plaintiff's name against the garnishee, the purpose and result of which is to subrogate the plaintiff to the rights of the de-

fendant against the garnishee. 2 Drake on Attachment (7th ed.), § 452.

As to the liability of foreign corporations to garnishment, we think the law is correctly summarized in 8 Am. & Eng. Enc. Law, p. 1131, as follows:

"Except, therefore, in those states where it is held that corporations are in no event subject to garnishment, a foreign corporation may be charged as garnishee in all cases where an original action might be maintained against it for the recovery of the property or credit in respect to which the garnishment is served."

Although the *situs* of intangible personal property may be at the domicile of the creditor for the purpose of taxation or distribution, yet for the purpose of collection a debt is ambulatory, and accompanies the person of the debtor.  We think this debt was properly attached in California.  And that being so, the attachment proceedings there constitute a defense to this action.  *Embree v. Hanna*, 5 Johns. 101; *Wheeler v. Raymond*, 8 Cow. 315, note *a*; *Andrews v. Herriot*, 4 Cow. 521; *Dittenhoefer v. Coeur d'Alene Clothing Co.*, 4 Wash. 519 (30 Pac. Rep. 661.)

In the case last above cited, this court held that where a foreign corporation does business in this state, under the laws prescribed by our legislature, and has an attorney appointed upon whom service in any proceedings in the courts in this state may be made, it thereby becomes subject to garnishment here.  We have no doubt of the correctness of that decision, and are therefore bound to recognize the doctrine therein enunciated when affirmed by courts in other states which, like California, have statutes substantially like our own.

The further point is made by the appellant that the plaintiffs in the attachment suits, by filing their claims with the assignee (appellant), thereby abandoned any rights they

may have had under the attachments.    If the objection is at all available, it is certainly not applicable to the action of Isadore Leviere, in which the amount sued for was $2,-439.21, and was made up of various assigned claims, only one of which was filed with the assignee in this state, and that only for the sum of $279.92.    The remaining attaching creditors cannot be affected by the action of those who filed their claims, and as the amount claimed is largely in excess of the debt attached, the result would be the same to the appellant, even if we should adopt the rule of 'law contended for by him.

The judgment of the court below is affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J., dissents.