[No. 27240. *En Banc.* December 5, 1938.]

MELCENA LaF. KNETTLE, *Respondent*, v. LEMYRT D. KNETTLE, *Defendant*, LEROY N. KNETTLE *et al.*, *Garnishee Defendants*, JOHN J. KENNETT, *Appellant.*[1]

*Kennett & Benton,* for appellant.

*Patterson & Ross,* for respondent.

[1]Reported in 84 P. (2d) 996.

BLAKE, J.—June 15, 1928, Nancy A. Knettle deeded certain farm lands to The Old National Bank & Union Trust Company and Leroy N. Knettle, in trust for certain named beneficiaries, among whom was Lemyrt D. Knettle. The latter, at that time, was the husband of Melcena L. Knettle, the plaintiff in this action. In 1929, a decree of divorce was granted the latter, by which she was awarded alimony of $175 per month for a period of one year, and $200 per month thereafter.

Alimony in a very substantial amount having accrued under that decree, Melcena L. Knettle, on February 23, 1937, caused a writ of garnishment to issue, directed to the trustees under the deed of trust executed by Nancy A. Knettle. On March 8, 1937, the trustees filed their answer, in which they stated that,

". . . on the 19th day of February, 1937, there accrued under the terms of the declaration of trust of Nancy A. Knettle funds to each beneficiary thereunder in the amount of $862.95 and that under the terms of said declaration said sum accrued on said date to Lemyrt D. Knettle."

The trustees accordingly deposited in court a check in that amount, dated February 19, 1937.

John J. Kennett was allowed to intervene, and, on his motion, Mary Mackinnon Knettle, the present wife of Lemyrt D. Knettle, was made a party defendant. In discussing the case, we shall not advert to her interest in the trust estate, because, whatever her interest may be, it is subordinate to any right plaintiff may have, as a judgment creditor, to reach Lemyrt D. Knettle's interest. *Knettle v. Knettle,* 190 Wash. 395, 68 P. (2d) 218.

The intervener laid claim to the check deposited in court by the garnishee defendants, under an assignment executed by Lemyrt D. Knettle and Mary Mackinnon Knettle, on July 10, 1937. That the assignment

was made for a valuable consideration, is not questioned. But, of course, if plaintiff's garnishment is good, intervener's assignment is subordinate to it.

Lemyrt and Mary Knettle and the intervener filed affidavits denying the above quoted statements contained in the answer of the garnishee defendants. Answering the complaint in intervention, Lemyrt and Mary Knettle admitted the assignment of the check to the intervener and disclaimed any interest in it. After a hearing upon the issues, the court entered judgment awarding the check to plaintiff. Intervener appeals.

In so holding, the trial court was of the view that our decision in *Knettle v. Knettle, supra,* was conclusive on all the questions raised by the intervener. As we view the ultimate facts disclosed by this record, we are of the opinion that they are in no essential respect different than those presented in the cited case. That was a controversy between these same parties, involving net income due the beneficiaries under this same Nancy A. Knettle trust. We there held that *"accrued income,* ready for distribution to the *cestui,* constitutes a dry or passive trust, and is subject to seizure in satisfaction of his debts," notwithstanding Rem. Rev. Stat., § 637 [P. C. § 7951], provides that

"This chapter does not authorize the seizure of, or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, where it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor."

The appellant, however, insists that our holding not only does violence to the statute, but finds no support in authority. So insistently has he urged us to recede from our holding in that case that we have critically reexamined our position.

■ Of course, we have done violence to the statute if its purpose is conceived to be to shield beneficiaries of trust estates from the payment of their debts. We, however, do not conceive that to be the purpose of the statute. For such a construction would do violence to the generally accepted rule that, in the absence of restrictions in the declaration of trust on voluntary or involuntary transfers, the beneficial interest of a *cestui* may be reached by his creditors. Restatement of the Law of Trusts, § 147. Even a spendthrift trust may be subjected to the support of a wife or child, or for alimony awarded to the divorced wife of the beneficiary. Restatement of the Law of Trusts, § 157.

In the light of these rules, it is our conception that the purpose of Rem. Rev. Stat., § 637, is not to shield beneficiaries of trust estates from their creditors, but to shield the management from harassment. In other words, the statute is designed to prevent interference in the management of trust estates by creditors of beneficiaries. Consequently, the statute can have no application, except in the case of active trusts. *White v. O'Bryan,* 148 Tenn. 18, 251 S. W. 785.

■ In view of our adherence to our holding in *Knettle v. Knettle, supra,* the only question to be determined is whether the check for $862.95, deposited in court by the garnishee defendants, represents *"accrued income,* ready for distribution to the *cestui,"* Lemyrt D. Knettle.

Under the declaration of trust, Leroy N. Knettle had the active management of the property. The declaration of trust provided, without reservation or condi-

tion, that the trustees pay the net income from the trust properties to the beneficiaries "annually and not later than March 1st of each year, and said trustees shall with such payments make an accounting for all income received." On February 16, 1937, Leroy N. Knettle made up his account, showing receipts from and disbursements for the trust estate. He forwarded the account, together with a check in the amount of the net income, to his co-trustee, The Old National Bank & Union Trust Company. On the 19th day of February, 1937, the latter drew checks in favor of the respective beneficiaries, in the amounts to which they were entitled under the declaration of trust. The check for $862.95 here in controversy represents the portion of the net income to which Lemyrt D. Knettle was entitled.

On February 19th, therefore, the trustees had performed every active duty imposed upon them in connection with the distribution of net income. All that remained to be done was merely to deliver the check and the account. That at that time, February 19th, this check for $862.95 represented *"accrued income, ready for distribution,"* we think there can be no doubt. Nor have we any doubt that Lemyrt D. Knettle had a vested right, as of that time, in the amount represented by the check, which, therefore, under the general rule stated in § 147, Restatement of the Law of Trusts, was subject to seizure by his creditors.

The intervener argues that, under the practice adopted by the trustees, the beneficiaries were not entitled to distribution of the net income until March 1st; that, therefore, Lemyrt's share of the income could not be subjected to garnishment before that date, because he himself could not compel distribution prior to that time. There is nothing in the declaration of trust so limiting his right to distribution. Notwithstanding the

practice of the trustees to deliver checks and accounts as of March 1st of each year, we think his right vested in his share of the income when the amount was ascertained, ready for distribution, and the accounting made.

Appellant calls our attention to a receipt attached to the check, which the beneficiary was required to sign as a condition to cashing the check. By signing the receipt, he would acknowledge the correctness of the account presented by the trustees. Appellant urges that this condition held the income as a part of an active trust in the hands of the trustees until the beneficiary examined and approved the account. We fail to see how the beneficiary's right to challenge the account in any way affected his vested interest in the net income in the amount admitted by the trustees to be due.

Judgment affirmed.

ALL CONCUR.