[No. 28234. Department Two. January 16, 1942.]

MELCENA LAF. KNETTLE, *Appellant*, v. JOHN J. KENNETT, *Respondent*, LEROY N. KNETTLE *et al.*, *Garnishee Defendants*.[1]

*Edgar R. Rombauer*, for appellant.

*Kennett & Benton*, for respondent.

ROBINSON, C. J.—Appellant is the former wife of Lemyrt D. Knettle. She was divorced from her husband in 1929. The decree of divorce awarded to her custody of their three minor children, and alimony and money for the support of the three children until

[1]Reported in 121 P. (2d) 343.

the youngest should arrive at the age of twenty-one years.

Lemyrt D. Knettle is a beneficiary of a trust estate created by Nancy A. Knettle in 1928. The terms of the trust are set forth in previous decisions of this court, *Knettle v. Knettle,* 164 Wash. 468, 3 P. (2d) 133; *Knettle v. Knettle,* 190 Wash. 395, 68 P. (2d) 218; *Knettle v. Knettle,* 197 Wash. 225, 84 P. (2d) 996, which will hereinafter be referred to as the first, second, and third *Knettle* cases.

Respondent, John J. Kennett, is also a judgment creditor of Lemyrt D. Knettle. He obtained a judgment against him on a contract obligation some time prior to February 20, 1940, for approximately one thousand dollars.

Appellant caused a writ of garnishment to be issued upon her judgment for alimony, and served upon the trustees on February 14, 1940. Respondent caused a writ of garnishment to be issued upon the judgment obtained by him, and served upon the trustees on February 20, 1940. The two garnishment proceedings were consolidated, and the trustees answered both writs, as follows:

"That the garnishee defendants are trustees under a deed of trust executed on the 15th day of June, 1928, which provides for the management of the corpus of the trust property, and certain payments from the income therefrom, and further provides:

" 'and such trustees shall pay the remainder of the net income from such farm real estate to the Cestuis que trustent other than the said Nancy A. Knettle hereinbefore named, in equal shares, share and share alike. All of said payments shall be made annually and not later than March 1st, of each year and said trustees shall, with such payments, make an accounting for all income received.'

"That defendant, Lemyrt D. Knettle, is one of the cestuis que trustent referred to therein, there being

four others, each being entitled to an equal one-fifth of the net income referred to. That prior hereto Lemyrt D. Knettle has filed with such trustees a pur- ported assignment of his interest therein to Mary Mac- Kinnon.

"That on the 15th day of February, 1940, from the income of the current fiscal year, the said trustees made the last payment from the gross income affirma- tively required by the terms of the trust deed, being the current taxes and compensation to the trustees, and on February 19th, 1940, an accounting of the income was prepared, which was approved by both trustees on the 20th day of February, 1940, and checks issued to each of the persons entitled to share in such net income, in the amount of $502.66 for three and $502.67 for two, one check for $502.66 having been issued in the name of Lemyrt D. Knettle and Mary MacKinnon, which amount on said date accrued to the said Lemyrt D. Knettle under the terms of such trust. That the garnishee defendants, as trustees, are indebted to the said Lemyrt D. Knettle in said sum of $502.66, and in no other or further amount, and have such check there- for in their possession and control, and have no other property or effects of the said defendants or either of them, and are not otherwise or at all indebted to the said defendants or either of them."

The trustees disclaimed any interest in the fund, deposited the check in court, and prayed that the parties be required to litigate between themselves the proper disposition of the fund.

Respondent contended in the trial court, and con- tends here, that the fund represented by the check did not accrue or become payable to Lemyrt D. Knettle prior to February 20, 1940; that prior to that date it was part of the funds of an active trust, and not sub- ject to garnishment by virtue of the provisions of sec- tion 25, chapter 133, Laws of 1893, p. 441 (Rem. Rev. Stat., § 637 [P. C. § 7951]):

"This chapter does not authorize the seizure of, or other interference with any property which is ex-

pressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; . . ."

The trial court adopted this view. The findings of the court recite:

"That at the time the plaintiff Melcena Knettle's writ of garnishment was served the said trustees had not paid the taxes for the current fiscal year, which, under the terms of the trust, they were affirmatively required to do, and the payment of said taxes was made on February 15, 1940, the day following the service of said writ. That the annual compensation due the trustees, which is affirmatively required by the trust deed to be paid during the current fiscal year, was not determined or paid to the trustees until February 15, 1940. That on February 19, 1940, the trustee Knettle prepared an accounting of his management of the trust estate for the fiscal year ending March 1, 1940, and on February 19th forwarded said accounting, together with a check in the sum of $502.66, representing the total net income according to his account, to his co-trustee The Old National Bank & Union Trust Company of Spokane, at Spokane, Washington. That said account, so prepared and rendered, was approved by both trustees on February 20, 1940, and on that date checks were drawn in favor of each of the beneficiaries of the trust estate, one being drawn in the sum of $502.66 in favor of Lemyrt D. Knettle and Mary Mackinnon, which check is now on deposit in the registry of this Court. That neither Lemyrt D. Knettle nor Mary Mackinnon has made any claim to said check. That the sum of $502.66, represented by said check, accrued to the defendant Lemyrt Knettle on the 20th day of February, 1940, and at no time prior thereto."

The trial court entered conclusions of law to the effect (1) that the funds in the hands of the trustees were, at all times prior to February 20, 1940, the funds of an active trust, and, as such, not subject to seizure

by a writ of garnishment, or other court process; (2) that the writ served by Melcena Knettle on February 14, 1940, was wholly ineffective; but (3) that the writ served by John J. Kennett on February 20, 1940, sequestered the amount which on that day accrued to Lemyrt D. Knettle. Pursuant to these findings and conclusions, Kennett was adjudged entitled to the fund deposited in the registry of the court.

 It is appellant's position that her writ attached Lemyrt D. Knettle's share of the trust income when it was served, or, if not then, that it attached it when that income accrued, the trustees not having answered the writ prior to that time.

We reject the first contention, on the ground that the share of Lemyrt D. Knettle in the income of the trust had not been segregated when appellant's writ was served. It could not have been, since the taxes on the corpus of the estate had not been paid, nor had the trustees been paid their compensation. The trust was, for these and additional reasons, still active. See the opinions in the first and third *Knettle* cases, *supra*.

It is contended, however, that, even if Lemyrt D. Knettle's share of the trust fund had not accrued when appellant's writ was served, the writ attached it when it did accrue, and, applying the priority of service rule, the appellant should have been awarded the fund from the registry of the court.

 The statutory law is that a superior court writ of garnishment sequesters, not only what is due at the time it is served, but whatever may become due before answer is made. But the real question here is whether or not the service of a writ of garnishment upon a trustee of an active trust is of itself an interference, within the meaning of Rem. Rev. Stat., § 637.

 It was held in the first *Knettle* decision that an order providing that a lien should attach to income

when accruing in the future to a *cestui* of this very trust could not be lawfully made, on the ground that it constitutes such an interference as § 637 prohibits. In the third *Knettle* decision, it was said that the purpose of the statute "is not to shield beneficiaries of trust estates from their creditors, but to shield the management from harassment."

The ultimate question presented by the appeal, then, is this: Is the service of a writ of garnishment upon the trustees of an active trust an harassment? We think it is, and the very fact that such a writ attaches sums accruing in the future, unless such accruals are cut off by prior answer, is one of the circumstances, though by no means the only one, which makes it so.

A writ of garnishment is not to be trifled with, as many a layman has found, to his cost. It can only be prudently dealt with by going to the expense of employing an attorney. The respondent, in *Pacific Coast Paper Mills v. Pacific Mercantile Agency,* 165 Wash. 62, 4 P. (2d) 886, might well describe its experience with such a writ as harassing. It did not owe the defendant in the principal action anything, and, upon receipt of the writ, so notified the plaintiff by letter. Nevertheless, the plaintiff took a default judgment. The superior court set it aside. On plaintiff's appeal, this court restored it, feeling compelled to do so by a provision of the garnishment law which reads as follows:

"Should the garnishee fail to make answer to the writ within the time prescribed therein, it shall be lawful for the court, and on or after the time to answer such writ has expired, to render judgment by default against such garnishee for the full amount claimed by the plaintiff against the defendant, or in case plaintiff has a judgment against defendant, for the full amount of such

judgment with all accruing interest and costs." Rem. Rev. Stat., § 692 [P. C. § 8011].

It is strongly urged that § 637 cannot possibly be construed to in any way prevail over the general enactments and provisions of the garnishment statute. In the instant case, the writ was founded upon a judgment for fifteen thousand dollars, with interest at six per cent from May 15, 1930. The trustees answered the writ on March 7, 1940. If they had delayed their answer for one more day, the appellant could have taken judgment against them for the full amount of her judgment, under the statute above quoted. Can it be doubted that such a judgment would be set aside under § 637, as construed and applied in the former *Knettle* decisions?

On February 14, 1940, the trustees held certain property in trust for Lemyrt D. Knettle and four others. The trustees had certain duties to perform before the distributive shares would vest in the five *cestuis*. In other words, the trust was still active. The appellant on that day, in an attempt to sequester the share of her judgment debtor, Lemyrt D. Knettle (who did not create the trust), served a writ of garnishment on the trustees, commanding them to appear before the court within twenty days and answer under oath, etc. This required them to defend an action as trustees, and, of course, at the expense of the trust. In our opinion, a writ so served, if given any effect whatever, would constitute an interference with the trust property, within the meaning of Rem. Rev. Stat., § 637. We conclude, therefore, that the trial court correctly held that appellant's writ was wholly ineffective.

Judgment affirmed.

MILLARD, BEALS, SIMPSON, and JEFFERS, JJ., concur.