B. F. GOODRICH COMPANY, *Appellant*, v. P. H. THRASH, *Respondent*.[1]

*Loomis Baldrey*, for appellant.

*Sather, Livesey & Kingsbury*, for respondent.

BLAKE, J.—Plaintiff brought this action in the superior court of Whatcom county on a judgment entered against the defendant, Thrash, in the superior court of Buncombe county, North Carolina. Summons was served upon Thrash in North Carolina, the state of his residence. To obtain jurisdiction, plaintiff sued out a writ of attachment, which was levied on

"  . . .  all the right, title, claim and interest of said defendant [Thrash] of, in and to the following described real estate, situated in Whatcom County, Washington, and particularly described as follows: . . . Subject to expenses of administration and subject to trusteeship."

[1]Reported in 131 P. (2d) 734.

Defendant, appearing specially, interposed a motion to quash the service and summons upon the ground that "the Court has no jurisdiction of the said defendant nor of any property owned by him." The court entered an order granting the motion, from which order plaintiff appeals.

The property described in the sheriff's return to the writ of attachment was, and is, held in trust by S. Blanton Luther and C. K. McMillin, as testamentary trustees under the will of Thomas P. Luther, who died in 1933. The trust estate consists principally of income-bearing real estate situated in Bellingham. In setting up the trust, the testator declared:

"I do hereby direct, authorize and empower my said Executors and Trustees hereinafter named to manage the said property and the whole thereof with full power and authority to act as in their discretion may be necessary and in the same manner and to the same extent as I could do if living; and I hereby direct that my Executors and Trustees herein named do retain possession, control and management of all my property, both real and personal of every kind and character for the period of ten years and for such other and further period of time in addition thereto as may be hereinafter directed, and as hereinafter qualified, and I hereby grant to them full power and discretion in the management of my estate with authority to keep the same in a progressive state of repair and with full power and authority to make replacements, to build and to rebuild and contract, and to forward the interests of my estate as in their discretion may appear reasonable and proper to the end that said estate be not permitted to disintegrate or suffer damage."

There are twenty odd beneficiaries—mostly nieces and nephews—of whom Thrash is one. To four of the beneficiaries, the trustees are directed to pay specified sums monthly. Respondent, Thrash, was not one of them. With respect to other disbursements

to beneficiaries during the trust period, the testator declared:

"The Executors and Trustees shall, notwithstanding the provisions herein contained for the distribution of my estate at the close of the ten year period herein provided for, be permitted to pay prior to the close of said period in equal distributive shares to my legatees out of rents, increments and accruals to said estate such amounts as to them may seem proper and as they may deem best in their judgment, but they shall not be compelled or required to make such payments."

The testator directed that all of his property remaining at the end of ten years after his death should be

" . . . converted into money or liquidated in such manner that the same may be distributed and the same shall then be distributed to the foregoing and above named persons, share and share alike; . . . "

We have quoted extensively from the will to show that the trust created is in no sense a dry or passive trust. On the contrary, it is, manifestly, active and extremely complicated. It is quite apparent that the respondent has no vested interest in either the corpus or the income of the trust estate. Neither has he any present or contingent interest in any real estate, as such, going to make up the corpus of the trust estate.

With respect to such trusts as this, the general rule is that the equitable interest of a beneficiary cannot be reached by attachment, garnishment, or execution. 4 Am. Jur. 790, § 374; 33 C. J. S., Executions, § 41c. The rule finds its basis in such stautes as Rem. Rev. Stat., § 637 [P. C. § 7951], which provides:

"This chapter does not authorize the seizure of, or other interference with . . . any money, thing in action or other property held in trust for a judgment

debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor;  . . . "

Following the rule and applying the statute, we have twice directly held that the corpus of the estate of an active, complicated trust cannot be subjected to claims of creditors of a beneficiary. *Knettle v. Knettle,* 164 Wash. 468, 3 P. (2d) 133; *Cowles v. Matthews,* 197 Wash. 652, 86 P. (2d) 273. And the rule has been recognized and restated in the following cases: *Knettle v. Knettle,* 190 Wash. 395, 68 P. (2d) 218; *Knettle v. Knettle,* 197 Wash. 225, 84 P. (2d) 996; *Knettle v. Kennett,* 12 Wn. (2d) 261, 121 P. (2d) 343.

Appellant puts much reliance in *Mears v. Lamona,* 17 Wash. 148, 49 Pac. 251. We find nothing in that case which impairs the force of the rule laid down and followed in the later cases to which we have referred. Indeed, we think that decision is supporting authority for the later decisions.

In conclusion, we should advert to a contention made by respondent: that the testator intended to, and did, by certain provisions of the will, establish a "Spendthrift Trust." In deciding the issue presented on this appeal, we have found it unnecessary to discuss that contention. This decision, therefore, is not to be considered *res judicata* as to such contention.

Order affirmed.

ROBINSON, C. J., BEALS, and SIMPSON, JJ., concur.