720

REESE L. MILNER, *Respondent,* v. DAVID BURTON OUTCALT, *Defendant,* NATIONAL BANK OF WASHINGTON, *as Trustee, Appellant.*[1]

*Metzger, Blair, Gardner & Boldt,* for appellant.

*Don Cary Smith* and *W. J. Lindberg,* for respondent.

MALLERY, J.—Plaintiff Milner, a resident of Los Angeles, California, brought this suit on two promissory notes given by defendant Outcalt, a resident of Mexico City, Republic of Mexico. The first note was executed on March 2, 1942, in Mexico City, and was secured by the assignment of defendant Outcalt's interest in two trusts, established by his grandfather and adoptive father, D. D. A. Outcalt, in Tacoma. The second note was executed on December 8, 1942,

[1]Reported in 219 P. (2d) 982.

in Mexico City, and was secured by an assignment of Outcalt's rights in an automobile, and some stock.

An aggregate of $7,067.87 is now due and owing on the notes, part of each having been paid. After unsuccessful attempts to obtain the balance, plaintiff brought this action. Service was had by publication on Outcalt, and the trustee, National Bank of Washington, was personally served as codefendant and garnishee.

The trustee answered the writ, setting forth that it had only $69.67 accrued income in its possession, that the amount was gross income and held for payment of the expenses of the trust. It demurred to the complaint, and, upon the demurrer being overruled, put in the affirmative defense of spendthrift trust in its answer. Plaintiff's demurrer to this defense was sustained. The court found that the amount of $69.67 was not subject to garnishment, but held, in the declaratory judgment prayed for, that the plaintiff was entitled to a lien against the corpus of the trust (income from New York real estate), and that the assignment was valid, providing that Outcalt reached the age of thirty-five, on or about February 15, 1952, at which date the trust was to terminate. The court decreed that the lien against the corpus extended to both notes, and enjoined the trustee from transferring the corpus to Outcalt at the expiration of the trust. Outcalt did not appear, and a default judgment was entered against him.

The defendant trustee appeals from the judgment.

The trust contains the following provision:

"9. No share or interest in either the principal or income of the trust estate shall be assignable or subject to anticipation in whole or part by any of the beneficiaries thereof, and the trustee shall be under no obligation to and shall not recognize or give effect to any order, assignment, pledge, mortgage, or other attempted hypothecation or any attempted anticipation of payment, in whatsoever form, but shall pay the beneficiaries herein designated only, and only at the times and in the manner herein provided."

Trusts in which the interest of a beneficiary cannot be assigned by him or reached by his creditors have come to

be known as "spendthrift trusts." 1 Scott on Trusts 742, § 151.

We are of the opinion that the restraint on alienation of the principal or income of the trust is valid. *Medwedeff v. Fisher*, 179 Md. 192, 17 A. (2d) 141, 138 A. L. R. 1313; *Bucknam v. Bucknam*, 294 Mass. 214, 200 N. E. 918, 104 A. L. R. 774; *Vellacott v. Murphy*, 16 F. (2d) 700 (C. C. A. 5th, 1927), cert. denied 273 U. S. 767, 47 S. Ct. 571, 71 L. Ed. 882 (1927); *First National Bank of Canby v. Olufson*, 181 Minn. 289, 232 N. W. 337. This court has looked with favor upon similar limitations. See *Laucks v. Princehouse*, 13 Wn. (2d) 140, 124 P. (2d) 226. The essential idea of a spendthrift trust is that the beneficiary cannot deprive himself of the right to future income under the trust. 1 Scott on Trusts 761, § 152.5. The intention of the settlor that the beneficiary should receive the trust property free and clear of liens and other charges, should be given effect. In view of the nature of these trusts, creditors of Outcalt were on notice of the restraints on alienation.

In view of the fact that the assignment and transfer of Outcalt's interest in the trusts were invalid, Milner is in the position of a general creditor.

■ Since personal service was not had on Outcalt in order for the court to take jurisdiction of his person, property of the defendant must be attached to provide a basis for jurisdiction.

Rem. Rev. Stat., § 637, exempting trust property from seizure, reads as follows:

"This chapter does not authorize the seizure of, or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; . . ."

■ Inasmuch as the principal and the income are untouched for the present, the question presents itself: Is the service of a writ of garnishment upon the trustee of an active trust in itself an interference within the meaning of the

above statute?  This has been answered in the affirmative by this court in the case of *Knettle v. Kennett*, 12 Wn. (2d) 261, 121 P. (2d) 343.  The court said there:

"But the real question here is whether or not the service of a writ of garnishment upon a trustee of an active trust is of itself an interference, within the meaning of Rem. Rev. Stat., § 637.

"This required them to defend an action as trustees, and, of course, at the expense of the trust.  In our opinion, a writ so served, if given any effect whatever, would constitute an interference with the trust property, within the meaning of Rem. Rev. Stat., § 637. . . ."

This statute has been construed by *Knettle v. Knettle*, 164 Wash. 468, 3 P. (2d) 133; *Knettle v. Knettle*, 190 Wash. 395, 68 P. (2d) 218; *Knettle v. Knettle*, 197 Wash. 225, 84 P. (2d) 996; *Knettle v. Kennett*, 12 Wn. (2d) 261, 121 P. (2d) 343.

Only that part of the trust income which has accrued and is ready for distribution to the beneficiary, is subject to seizure. *Knettle v. Knettle*, 197 Wash. 225, 84 P. (2d) 996. The corpus of the trust cannot be reached to satisfy a judgment. *Cowles v. Matthews*, 197 Wash. 652, 86 P. (2d) 273. This is true even had a personal judgment been obtained against Outcalt in a foreign jurisdiction. *B. F. Goodrich Co. v. Thrash*, 15 Wn. (2d) 624, 131 P. (2d) 734.

It follows, then, that he cannot obtain a judgment *in rem* against Outcalt's property, as there is nothing upon which the court can base its jurisdiction. *Neufelder v. The German American Ins. Co.*, 6 Wash. 336, 33 Pac. 870; *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565.

The trust cannot now be subjected to a lien for the purpose of acquiring jurisdiction, which is conceded to be based on a prospective right only.

The appellant's demurrer should have been sustained.

The judgment is reversed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.