YALE UNIVERSITY *vs.* ABRAHAM GEORGE WEISSMAN.

Suffolk.    November 9, 1936. — December 28, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Bankruptcy,* Discharge.

A judgment obtained in an action by a university against a minor for "maintenance, support and other charges contracted for by the defendant" while an undergraduate at the university is dischargeable in bankruptcy.

A discharge in bankruptcy was effectual to bar an action upon a judgment rendered in an action upon a previous judgment where it appeared that the bankrupt in his schedule had listed the first judgment as a debt and in the second action thereon had filed a suggestion of bankruptcy but had not asked for a continuance, and that the discharge had been decreed after the judgment in the second action.

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 30, 1934.

The action was heard by *Putnam,* J., who found for the

defendant. Upon a report to the Appellate Division, the finding was vacated and judgment was ordered for the plaintiff. The defendant appealed.

*A. Gottlieb,* for the defendant.

*G. H. Hull,* for the plaintiff, submitted a brief.

PIERCE, J. This is an action on a judgment recovered in the Municipal Court of the City of Boston. The defendant pleaded a general denial and continued: "and further answering the defendant suggests that he has been duly adjudicated a bankrupt and a discharge in bankruptcy was received December 1, 1930, and that this claim was listed in the bankruptcy court and therefore is discharged by reason of bankruptcy."

The case was submitted on an agreed statement of facts, which is rephrased in the decision of the trial judge, and with the rest of the decision is as follows: "In 1926 the defendant was a minor and an undergraduate at Yale University. In that year the university sued him in this court 'in effect for maintenance, support and other charges contracted for by the defendant' while a minor and undergraduate as aforesaid. That action was No. 61847. In it the plaintiff recovered judgment on February 17, 1928, for a total sum of $316.04. On August 6, 1929, the plaintiff entered another action in this court against the defendant, based on the 1928 judgment, and that other action was numbered 177750. While it was pending the defendant, on September 24, 1929, filed a voluntary petition in bankruptcy in the proper Federal court, and duly listed the 1928 judgment among his liabilities on his bankruptcy schedules in the sum of $316.04. On September 27, 1929, the defendant filed a suggestion of his bankruptcy in case No. 177750, but did not move to have that case continued to await the determination of his bankruptcy proceedings. On May 16, 1930, the plaintiff recovered a judgment against the defendant in case No. 177750 in the total sum of $372.15. Execution issued May 27, 1930, and was returned into court unsatisfied on August 18, 1931. On December 1, 1930, the defendant obtained his discharge in bankruptcy. By writ dated June 30, 1934, the plaintiff brought this action to

recover on the judgment of May 16, 1930, in case No. 177750. The defendant pleads his discharge in bankruptcy of December 1, 1930. The action comes before me on agreed facts."

The plaintiff filed five requests for rulings: "1. The original cause of action is not merged in any earlier judgment. *Brown* v. *Hannagan*, 210 Mass. 246, at 248. 2. If° the original cause of action, on which this action is ultimately founded, was for necessaries contracted for by the defendant while he was a minor and he had no way of obtaining the same except by his own contract, the bankruptcy of the defendant is not a defence to this action. U. S. St. 1903, § 19. Remington on Bankruptcy, (4th ed.) vol. 7, § 3556 *et seq*. 3. The plaintiff's claim against the defendant is not dischargeable in bankruptcy. 4. The failure of the defendant to move to continue the case, on the judgment in which this action is brought, is a waiver of the defence of bankruptcy and such a defence cannot now be advanced in a suit on said judgment. *Herschman* v. *Justices of Municipal Court*, 220 Mass. 137. 5. On the law applicable to the agreed statement of facts the plaintiff is entitled to judgment." The judge denied the first request and instructed himself in place of it "that under the bankruptcy act the original character of the liability was not lost by being reduced to judgment. *Brown* v. *Hannagan*, 210 Mass. 246, 248." The judge denied requests numbered 2, 3, 4 and 5, and found for the defendant. The plaintiff claimed to be aggrieved by the rulings and refusal to rule as requested, and the trial judge reported the case to the Appellate Division for determination.

The Appellate Division decided that the judge was right in his disposition of the requests numbered 1, 2 and 3, but that he was in error in not granting request numbered 5, for the reason that, in the action in which the judgment sued upon was obtained, the defence of discharge might have been pleaded had the defendant sought a stay or continuance until he could procure his discharge and plead it in bar. The Appellate Division, therefore, ordered the clerk of the Municipal Court to make the following entry: "Find-

ing vacated, Judgment for plaintiff on the declaration."
The case is before this court on the defendant's appeal from
the final decision of the Appellate Division.

The trial judge and the Appellate Division were right
in their decisions respecting the requests for rulings num-
bered 1, 2 and 3. These requests related to the contention
of the plaintiff that the debt of the defendant was for neces-
saries in whole or in part and that such a debt is not
dischargeable in bankruptcy. Section 17 of the bankruptcy
act as amended by 42 U. S. Sts. at Large, 354, c. 22, pro-
vided: "A discharge in bankruptcy shall release a bankrupt
from all of his provable debts, except such as . . . are . . .
for alimony due or to become due, or for maintenance or
support of wife or child." And § 63a of the bankruptcy
act defined provable debts as follows: "Debts of the bank-
rupt may be proved and allowed against his estate which
are (1) a fixed liability, as evidenced by a judgment or an
instrument in writing, absolutely owing at the time of the
filing of the petition against him . . .; (2) due as costs tax-
able against an involuntary bankrupt who was at the time
of the filing of the petition against him plaintiff in a cause
of action which would pass to the trustee and which the
trustee declines to prosecute after notice; (3) founded upon
a claim for taxable costs incurred in good faith by a creditor
before the filing of the petition in an action to recover a
provable debt; (4) founded upon an open account, or upon
a contract express or implied; and (5) founded upon prov-
able debts reduced to judgments after the filing of the peti-
tion and before the consideration of the bankrupt's applica-
tion for a discharge . . . ." In the case at bar the debt to
the plaintiff was founded upon a contract express or im-
plied, and was reduced to a judgment. In general a fixed
liability evidenced by a judgment is a debt provable in
bankruptcy (bankruptcy act, § 63a [1]) whether the cause
of action sued upon was in contract or tort. Cases cited
in 7 C. J. 299.

Respecting request numbered 5 it is plain that the origi-
nal action went to judgment on February 17, 1928. It is
agreed that the second action went to judgment on May 16,

1930, and that, while the defendant in the last named action filed a suggestion of pending bankruptcy proceedings, he did not move to have the case continued to await the determination of his bankruptcy proceedings.   The words of § 11a of the bankruptcy act of July 1, 1898, (30 U. S. Sts. at Large, 549, c. 541,) do not require a peremptory stay of a pending action after adjudication in bankruptcy.   The State court has jurisdiction of such actions and may after adjudication proceed to judgment.   *Boynton* v. *Ball*, 121 U. S. 457, 467.   *Rosenthal* v. *Nove*, 175 Mass. 559.   See § 63a (5) of the bankruptcy act which provides for proof of debts "founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge . . . ."   This provision is clearly applicable to the facts in the case at bar. We think that notwithstanding the failure of the defendant to ask for a stay of proceedings in the action begun on August 6, 1929, the present action, founded upon the judgments obtained in 1928 and 1930 for the same cause of action, was open to the defence of the discharge in bankruptcy decreed to the defendant in December, 1930.

We are of opinion that the order of the Appellate Division should be reversed, and the finding of the trial judge be affirmed.

*So ordered.*