[No. 7906–9–I. Division One. February 2, 1981.]

WARREN L. ERICKSON, *Appellant,* v. THE BANK
OF CALIFORNIA, ET AL, *Respondents.*

338

*Devin, Hamlin, Erickson & Fay* and *David O. Hamlin,* for appellant.

*Mark S. Elgot, Jonson & Jonson,* and *Henry Hurley,* for respondents.

CALLOW, J.—The trustee in bankruptcy for George Leslie Schafer appeals from an order of summary judgment dismissing his complaint attempting to reach the bankrupt's interest in a spendthrift trust.

On April 13, 1978, George Schafer filed a petition in bankruptcy listing unsecured creditors owed approximately $7,900. Schafer is a beneficiary of a testamentary trust created by his mother. The trust provides that the cotrustees were to

> use so much of the net income and principal of the trust estate or the remainder thereof as in their sole discretion is necessary for the maintenance, support and education of each living child, . . . but when such child under twenty–two (22) attains such age, all payments hereunder to or for the benefit of such child shall cease, except as hereinafter provided . . .

Clause 6 of the testamentary trust provides:

> At such time as all of my children shall attain the age of twenty–two (22) years, my Co–Trustees shall . . . divide the trust estate then remaining into equal shares, one share for each then living child, and one share for each then deceased child having then living child or children. Such share shall . . . constitute separate trusts and shall be held, paid and distributed as follows: . . .
>
> . . .
> (b) . . .
>> . . . Thereafter, when such child attains twenty–seven (27) years of age, the then remaining balance of the trust estate, principal accrued income, if any, shall be distributed to such child . . .

In clause 7, paragraph 4, the settlor included a spendthrift provision:

The beneficial interest (in principal or income hereunder) of any beneficiary hereof shall not be subject to claims of the respective beneficiary's creditors or others, nor to legal process, and shall not be voluntarily or involuntarily assigned, alienated or encumbered . . .

When Schafer filed his petition in bankruptcy, he was 27 years old. However, his youngest sibling did not become 22 years of age until 6 months and 6 days later. Thus, at the time the petition was filed, Schafer was not entitled to receive his share of the trust.

After appointment, the trustee in bankruptcy claimed Schafer's interest in the trust and demanded an accounting. When the cotrustees of the trust refused, the trustee in bankruptcy commenced this action. The cotrustees of the trust thereafter moved for summary judgment claiming that the bankruptcy trustee could not reach the bankrupt beneficiary's interest in the spendthrift trust. The trial court granted the cotrustees' motion for summary judgment and denied the bankruptcy trustee's motion to compel discovery.

### VALIDITY OF SPENDTHRIFT TRUSTS

The first issue is whether a spendthrift provision in a trust is valid and enforceable in Washington.

In clause 7, paragraph 4, of the trust, the settlor clearly intended to prohibit the beneficiaries from assigning or encumbering their interest and creditors from reaching the beneficiaries' interest. The settlor thus intended to create a spendthrift trust. *See Allen v. Wilson*, 3 B.R. 439 (Bankr. Ct. W.D. Va. 1980). *See generally* Wicker, *Spendthrift Trusts*, 10 Gonz. L. Rev. 1 (1974). The bankruptcy trustee argues that we should hold that a spendthrift trust should be declared to be void as an illegal restraint on alienation and against public policy. We disagree.

Most Washington cases discussing attempts by creditors to reach the assets of a trust have involved the application and interpretation of RCW 6.32.250[1] which has had

---

[1]RCW 6.32.250 reads as follows:

the "practical effect . . . to clothe every active trust with statutory spendthrift provisions, at least in so far as attempts by creditors of a beneficiary to reach his interest by legal process are concerned." *Seattle First Nat'l Bank v. Crosby*, 42 Wn.2d 234, 243, 254 P.2d 732 (1953). *See* Wicker, *Spendthrift Trusts, supra. Milner v. Outcalt*, 36 Wn.2d 720, 721–22, 219 P.2d 982 (1950), discussing the legal effect of an express spendthrift provision in a trust, stated:

> Trusts in which the interest of a beneficiary cannot be assigned by him or reached by his creditors have come to be known as "spendthrift trusts."
> We are of the opinion that the restraint on alienation of the principal or income of the trust is valid. This court has looked with favor upon similar limitations. The essential idea of a spendthrift trust is that the beneficiary cannot deprive himself of the right to future income under the trust. The intention of the settlor that the beneficiary should receive the trust property free and clear of liens and other charges, should be given effect.

(Citations omitted.)

*See also* G. Bogert, *Trusts and Trustees* § 222 (rev. 2d ed. 1979); *see* Annot., 34 A.L.R.2d 1335 (1954); 2 A. Scott, *Trusts* § 152 (3d ed. 1967); Wicker, *Spendthrift Trusts, supra.* The settlor is entitled to have his intent carried out. We hold that spendthrift trust provisions which are created by the settlor in the trust instrument are valid and enforceable.

---

"Property exempt from seizure. This chapter does not authorize the seizure of, or other interference with, any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, where it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor."

### THE EFFECT OF BANKRUPTCY ON SPENDTHRIFT TRUSTS

We turn to whether the interest of the beneficiary in the principal or income of a spendthrift trust may be reached by a trustee in bankruptcy.[2]

The trustee in bankruptcy first contends that the beneficiary's interest in a spendthrift trust passes to the trustee under section 70(a)(5) of the Bankruptcy Act.[3] We disagree.

■■ Congress "defer[red] to the authority of the individual states in determining what property is exempt from the estate of the bankrupt." *First Northwestern Trust Co. v. Internal Revenue Serv.*, 622 F.2d 387, 391 (8th Cir. 1980). *See Allen v. Wilson, supra; In re Gervich,* 570 F.2d 247 (8th Cir. 1978). In *In re Ahlswede,* 516 F.2d 784, 786 (9th Cir.), *cert. denied,* 423 U.S. 913, 46 L. Ed. 2d 142, 96 S. Ct. 218 (1975), the court stated as to spendthrift trusts:

---

[2]Since Schafer filed the petition in bankruptcy in April of 1978, the Bankruptcy Act and not the Bankruptcy Code, which is effective October 1, 1979, is applicable. We note, however, that under section 541(c)(2) of the Bankruptcy Code, 11 U.S.C. § 541 "[a] restriction on the beneficial interests of the debtor enforceable under nonbankruptcy law remains subject to [any] restriction [on creditors], and both Committee reports explicit [*sic*] indicate that it is meant to *preserve the existing status of the spendthrift trust.*" (Italics ours.) 4 W. Collier, *Bankruptcy* ¶ 541.23, at 541–86 (15th ed. 1980).

[3]Section 70(a) provides in part:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . .

" . . .

"All property, wherever located, except insofar as it is property which is held to be exempt, in which the bankrupt has at the date of bankruptcy an estate or interest by the entirety and which within six months after bankruptcy becomes transferable in whole or in part solely by the bankrupt shall, to the extent it becomes so transferable, vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date of bankruptcy." 11 U.S.C. § 110(a).

> The effect of the [spendthrift] trust provision is that upon the bankruptcy of the beneficiary his equitable interest in the income and principal of the trust estate, being non–assignable and immune from judicial process under [state] law, *does not pass to the trustee of the bankruptcy estate, under Section 70(a)(5)* of the Bankruptcy Act, 11 U.S.C. § 110(a)(5), and title remains in the trustee of the spendthrift trust. *See* 4A Collier on Bankruptcy ¶ 70.26, at 364–71 (rev.ed.1971); Restatement of Trusts 2d §§ 149, 152 (1959); Danning v. Lederer, 232 F.2d 610 (7th Cir. 1956); Scott, [2 A. Scott, *Trusts*], § 152.2, at 1150–51.

(Footnote omitted. Italics ours.) *See also First Northwestern Trust Co. v. Internal Revenue Serv., supra; Allen v. Wilson, supra;* 2 A. Scott, *Trusts* § 152, *supra.*

Since spendthrift trusts are valid in Washington, the beneficiary's interest in a spendthrift trust does not vest by operation of law in the trustee in bankruptcy under section 70(a)(5). Nor does the ability of a beneficiary of a spendthrift trust to disclaim his or her interest alter this conclusion. A beneficiary under a spendthrift trust may not transfer, assign, alienate or otherwise encumber his or her beneficial interest and we hold that the beneficiary may not disclaim that interest if the disclaimer would defeat the spendthrift provision. *See In re Estate of Nicely,* 235 Cal. App. 2d 174, 44 Cal. Rptr. 804 (1965); Annot., 14 A.L.R.3d 1437, 1439–40 (1967). *See also In re Detlefsen,* 610 F.2d 512 (8th Cir. 1979).

The trustee in bankruptcy also contends that he can reach the principal and interest of the spendthrift trust under section 70(c) of the Bankruptcy Act,[4] which grants

---

[4]Section 70(c) of the Bankruptcy Act provides in part: "The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

the trustee in bankruptcy with the rights and powers of creditors. *See generally* 4B W. Collier, *Bankruptcy* ¶ 70.49 (14th ed. 1978).

The trustee in bankruptcy initially relies upon RCW 30.30.120 which provides:

> Nothing in RCW 6.32.250 shall forbid execution upon the income of any trust created by a person other than the judgment debtor for debt arising through the furnishing of the necessities of life to the beneficiary of such trust; or as to such income forbid the enforcement of any order of the superior court requiring the payment of support for the children under the age of eighteen of any beneficiary; or forbid the enforcement of any order of the superior court subjecting the vested remainder of any such trust upon its expiration to execution for the debts of the remainderman.

The trustee in bankruptcy argues that Schafer's interest was a vested remainder, and that in any event a creditor who furnishes necessities of life may reach the income of a spendthrift trust. We disagree with this interpretation of RCW 30.30.120.

■ The language of RCW 30.30.120—"[n]othing in RCW 6.32.250 shall forbid . . ."—indicates that the legislature intended to restrict the broad application of RCW 6.32.250, which has the practical effect of making every trust in Washington established for a beneficiary other than a settlor a valid spendthrift trust, *Seattle First Nat'l Bank v. Crosby, supra.* There is no indication that RCW 30.30-.120 was intended to restrict the common law as it relates to spendthrift trusts. We hold that RCW 30.30.120 is not applicable to a trust which contains an express spendthrift provision, and does not permit a trustee in bankruptcy to

---

If a transfer is valid in part against creditors whose rights and powers are conferred upon the trustee under this subdivision, it shall be valid to a like extent against the trustee. In cases where repugnancy or inconsistency exists with reference to the rights and powers in this subdivision conferred, the trustee may elect which rights and powers to exercise with reference to a particular party, a particular remedy, or a particular transaction, without prejudice to his right to maintain a different position with reference to a different party, a different remedy, or a different transaction." 11 U.S.C. § 110(c).

reach a bankrupt's interest in a spendthrift trust under section 70(c).

The trustee in bankruptcy also argues that as a creditor under section 70(c) of the Bankruptcy Act he can assert a claim for "necessities of life" against the bankrupt beneficiary's interest in a spendthrift trust. The trustee relies upon Restatement (Second) of Trusts § 157 (1959) which provides:

Although a trust is a spendthrift trust . . . the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

. . .

(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him . . .

In *Knettle v. Knettle,* 197 Wash. 225, 228, 84 P.2d 996 (1938), the court stated that

[e]ven a spendthrift trust may be subjected to the support of a wife or child, or for alimony awarded to the divorced wife of the beneficiary. Restatement of the Law of Trusts, § 157.

In G. Bogert, *Trusts and Trustees, supra,* § 224, at 461–62, the author states:

Creditors who base their claims on the furnishing of "necessaries" in the form of goods or services to the spendthrift trust beneficiary have in some cases and under some statutes been held to be entitled to collect from the interest of the beneficiary. The trustee had a duty to use the income of the trust for such purposes, and if he bought on credit income should be used to pay the creditor. Other courts have not sanctioned this exception.

(Footnotes omitted.) In *In re Estate of Dodge,* 281 N.W.2d 447, 451 (Iowa 1979), the court applied the Restatement (Second) of Trusts § 157(b) (1959) stating:

We do not adopt the § 157(b) standard without qualification and would require an additional showing similar to that made in this case, i. e., that (1) the claim is for necessary goods or services, not officiously rendered, which the settlor intended to be provided the beneficiary by trust funds; and (2) the withholding of payment for the

goods and services is not properly within the discretion granted the trustee by the instrument, before a creditor's claim may be enforced against the trustee of a support trust subject to a spendthrift clause.

We agree with the approach of the *Dodge* case. A creditor may reach a beneficiary's interest in a spendthrift trust for rendering necessary goods and services when the withholding of payment is not within the trustee's discretion. *See* 2 A. Scott, *Trusts, supra,* § 157.2.

Here, the cotrustees of the trust had the discretion to use the net income and principal of the trust estate in their sole discretion for the necessary maintenance and support of each living child until age 22, except as provided in clause 6, paragraph 6:

> If at any time the Co–Trustees, in their judgment, after taking into consideration all of the resources, if any, which may then be known to the Co–Trustees to be available for each child, deems any child over twenty–two (22) years of age to be in need of maintenance, support and education, the Co–Trustees, in their discretion, may pay to or use for the benefit of such child so much of the trust estate then remaining as the Co–Trustees deem advisable for such needs, primary consideration being given to the probable requirements for maintenance, support and education of each child under twenty–two (22) years of age. All payments to or for the benefit of any child over twenty–two (22) years of age shall, upon division of the trust estate into shares, as hereafter provided, be treated as an advancement against such child's distributive share . . .

In reviewing the bankruptcy petition, it appears that the debts which are alleged to have been for necessities of life were incurred by Schafer when he was over 22 years of age.[5] The cotrustees had the discretion to make payments to George Schafer if, in their judgment, after considering all the Schafers' resources, they determined he was in need of maintenance, support and education. They could not abuse

---

[5]A debt incurred to obtain necessaries is dischargeable in bankruptcy. *See Yale Univ. v. Weissman,* 296 Mass. 239, 5 N.E.2d 444 (1936); 11 U.S.C. § 523.

that discretion by withholding a distribution if dire need existed and sufficient funds were available, considering all the circumstances and other beneficiaries.

Since we are reviewing a summary judgment, we find the record insufficient to determine whether: (1) the debts incurred were, in fact, for the necessities of life; (2) the services rendered were intended by the settlor to be provided the beneficiary by the trust fund; (3) the withholding of payment would be an abuse of the discretion granted the cotrustees under the trust; and (4) the bankrupt had a legal claim to a distribution from the trustees to supply him with the necessities of life (and, if so, what sum).

These issues are unanswered and, therefore, the action cannot be dismissed by summary judgment. The dismissal is reversed and the cause remanded for trial.

PEARSON and RINGOLD, JJ., concur.

Reconsideration denied March 10, 1981.

Review granted by Supreme Court June 5, 1981.