NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

WELLS FARGO BANK, N.A., *Plaintiff/Appellee*,

*v.*

ROBERT G. HOAG and the ROBERT G. HOAG REVOCABLE LIVING
TRUST DATED JULY 15, 1992, *Defendants/Appellants*.

No. 1 CA-CV 15-0559
FILED 11-1-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-003768
The Honorable Colleen L. French, Judge Pro Tem

**AFFIRMED IN PART AND VACATED IN PART**

COUNSEL

Jaburg & Wilk PC, Phoenix
By Kathi M. Sandweiss and Roger L. Cohen
*Counsel for Plaintiff/Appellee*

Wallin Hester PLC, Gilbert
By Chad A. Hester
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

**¶1**          Appellants Robert G. Hoag and the Robert G. Hoag Revocable Living Trust Dated July 15, 1992 (the "Hoag Trust") appeal the superior court's grant of summary judgment in favor of Wells Fargo.   For the following reasons, we affirm in part and vacate in part.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Between 1994 and 2000, Robert C. Hoag created three irrevocable charitable remainder unitrusts ("CRUTs").[1]   Hoag funded the CRUTs with his own stock, and administered the CRUTs as trustee until 2014.  The CRUTs provide that Hoag is entitled, "as beneficiary during his lifetime," to monthly distributions based on a set percentage of the "net fair market value" of each CRUT.

**¶3**          The CRUTs contain a spendthrift provision stating that "[n]either the principal nor the income of the Trust shall be liable for the debts of any beneficiary, nor shall the same be subject to seizure by any creditor of any beneficiary under any lien or proceeding at law or in equity."   The spendthrift provision also states that "no beneficiary hereunder shall have any power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his, her, or its interest in the trust estate or the income produced thereby."

---

[1]      A CRUT is an irrevocable trust created pursuant to 26 U.S. Code § 664 of the Internal Revenue Code (the "IRS Code") with three primary characteristics: 1) one or more persons receive payments equal to at least 5% and no more than 50% of the annual value of the trust property for a term of years (not in excess of 20 years) or for the life or lives of such individual or individuals; 2) a tax credit for the donation; 3) upon the termination of the payments, the remaining balance of the trust is distributed to qualifying charities. *See* 26 U.S.C.A. § 664 (d)(2)(A) – (C) (2015).

¶4 In 2012, Wells Fargo obtained a $2.5 million default judgment against Hoag personally and against the Hoag Trust. In December 2013, Wells Fargo initiated garnishment proceedings to satisfy its judgment. In February 2014, Hoag resigned as trustee of the CRUTs, and appointed IBMC, a corporation organized under the laws and operating out of the Bahamas, as successor trustee. As trustee, IBMC now makes the monthly income distribution payments to Hoag as required by the terms of the CRUTs.

¶5 Wells Fargo filed its current lawsuit in June 2014, alleging that Hoag fraudulently concealed his assets by transferring them to the CRUTs. In Count Seven of its complaint, Wells Fargo sought declaratory relief, requesting the superior court (1) declare the spendthrift provisions of the CRUTs invalid, and (2) declare that Wells Fargo is entitled to attach Hoag's distributions from the CRUTs.

¶6 After filing its complaint, Wells Fargo moved for summary judgment as to Count Seven. In addition to seeking an order declaring the spendthrift provisions of the CRUTs invalid, Wells Fargo also moved the court to enjoin "Hoag and the Hoag Trust from preventing Wells Fargo from garnishing, attaching, executing on or otherwise receiving income from the CRUTs."

¶7 The superior court granted Wells Fargo's motion, declaring the spendthrift provisions in the CRUTs "invalid and ineffective as to Wells Fargo's claims against Hoag and the Hoag Trust." Additionally, the court enjoined Hoag, the Hoag Trust, and anyone acting for or on their behalf, from preventing Wells Fargo "from garnishing, attaching, executing on or otherwise receiving income from [the CRUTs]." Hoag timely appealed.

## DISCUSSION

¶8 Hoag argues the superior court erred by declaring the spendthrift provisions of the CRUTs invalid. In addition, Hoag contends the superior court erred by granting injunctive relief to Wells Fargo.

¶9 We review the superior court's grant of summary judgment de novo. *Martineau v. Maricopa Cty.*, 207 Ariz. 332, 334, ¶ 8 (App. 2004). Additionally, we review the trial court's construction of statutes and written instruments de novo. *In re Indenture of Trust Dated January 13, 1964*, 235 Ariz. 40, 44, ¶ 7 (App. 2014) (citation omitted); *State Comp. Fund v. Superior Court In & For Cty. of Maricopa (EnerGCorp, Inc.)*, 190 Ariz. 371, 374 (App. 1997) (citation omitted).

I.      Spendthrift Provisions

¶10      The CRUTs expressly provide that "[t]he operation of the [CRUTs] shall be governed by the laws of the State of Washington."  As a result, we look to Washington state law to determine if the spendthrift provisions are valid.  *See* Ariz. Rev. Stat. ("A.R.S.") § 14-10107 ("The meaning and effect of the terms of a trust are determined by the law of the jurisdiction designated in the terms of the trust instrument.").[2]

¶11      Under Washington state law, a valid spendthrift provision may protect trust property from a creditor. *See Erickson v. Bank of California, N. A.*, 643 P.2d 670, 672 (Wash. 1982); *Milner v. Outcalt*, 219 P.2d 982, 984 (Wash. 1950) (citation omitted).  However, pursuant to Revised Code of Washington ("R.C.W"), section 6.32.250, this protection only includes trust property "held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person *other than the judgment debtor . . .* ". (emphasis added).

¶12      The plain text of R.C.W. § 6.32.250 states that a spendthrift provision is invalid as to a settlor who creates a trust.  *See State v. Riggs*, 189 Ariz. 327, 333 (1997) (holding that if the language of the statute is clear and unambiguous, a court will give effect to that language and not use other methods of statutory construction); *State v. Roggenkamp*, 106 P.3d 196, 199 (Wash. 2005) (same).  Indeed, other courts interpreting Washington law have reached the same conclusion.  For example, in *Erickson*, the court concluded that R.C.W. 6.32.250 has "the practical effect of making every trust in Washington established *for a beneficiary other than a settlor* a valid spendthrift trust." *Erickson v. Bank of California*, 623 P.2d 721, 725 (citation omitted) (emphasis added).  Similarly, *In re White*, 61 B.R. 388 (Bankr. W.D. Wash. 1986) held that pursuant to R.C.W. § 6.32.250, a valid spendthrift trust "must be funded by, or proceed from, a settlor other than the beneficiary. The settlor cannot create a spendthrift trust for his own benefit

---

[2]      Although the parties address the validity of the spendthrift provisions under both Arizona and Washington law, neither party disputes the validity of the choice of law provision.  Additionally, while the superior court did not specify that it was applying Washington law in declaring the spendthrift provisions invalid, we will uphold the superior court decision for any reason supported by the record.  *See S & S Paving & Const., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016) (citation omitted) (stating we will affirm a court's granting of summary judgment "if it is correct for any reason").

and thereby place his property beyond the reach of his creditors . . ." *Id.* at 392 (citations omitted).

¶13 Here, Hoag created the CRUTs with his own funds, and made himself one of the trust beneficiaries. Therefore, the spendthrift provisions of the CRUTs are invalid as to Hoag's distributions from the CRUTs pursuant to R.C.W. § 6.32.250.[3]

¶14 Hoag argues, however, that R.C.W. § 6.32.250 does not apply to CRUTs or trusts that have more than one beneficiary. We disagree; there is no language in the statute supporting this construction, and we are "not at liberty to rewrite the statute under the guise of judicial interpretation." *State v. Patchin*, 125 Ariz. 501, 502 (App. 1980); *see Ballesteros v. Am. Standard Ins. Co. of Wis.*, 226 Ariz. 345, 349, ¶ 17 (2011) (same).

¶15 Accordingly, the spendthrift provisions are invalid under Washington law, and we affirm the superior court's judgment granting declaratory relief to Wells Fargo.

II.     26 U.S.C.A. § 664(d)(2) (Charitable Remainder Unitrust)

¶16 Hoag also argues the superior court erred in ruling the spendthrift provisions are invalid because the IRS Code does not authorize the distribution of any of the assets of a CRUT to anyone other than Hoag, the income beneficiary, or a qualified charity. *See* 26 U.S.C.A. § 664(d)(2)(B).

¶17 The IRS Code does not insulate CRUT settlors from their creditors. In analyzing 26 U.S.C.A. § 664(d)(2), we find *In re Mack*, 269 B.R. 392 (Bankr. D. Minn. 2001) persuasive. One of the issues in *Mack* was whether in passing the statute Congress intended to prohibit alienation of a noncharitable interest in a CRUT so as to protect settlors from creditors. *See id.* at 399, 412. The bankruptcy court concluded that Congress did not intend a CRUT to be "a way for settlors of these trusts to avoid paying their creditors." *Id.* at 399. The court noted that any mandate that a settlor's interest in a CRUT be placed beyond the reach of creditors is conspicuously absent from section 664. *Id.* at 403. The court reasoned that if Congress

---

[3] We stress that the only issue before us is whether the subject spendthrift provisions prohibit Wells Fargo from seizing or attaching Hoag's distributions from the CRUTs; the interests of other beneficiaries, as well as Wells Fargo's ability to reach other property held in the CRUTs is not before us in this case.

wanted to impose such a requirement, it knew how to draft such language.[4] *Id.* at 403. Further, the court reasoned that whether a creditor can reach a settlor's income "is of no consequence to the purpose of encouraging the formation of CRUTS, that is charitable giving," because the charitable remainder of a CRUT remains protected from creditors. *Id.* at 412.

**¶18** Therefore, we conclude 26 U.S.C.A. § 664(d)(2) does not prohibit Wells Fargo from reaching Hoag's noncharitable beneficiary interest paid to him in the CRUTs.

III. Injunction

**¶19** In granting Wells Fargo's motion for declaratory relief, the court also enjoined "Hoag and the Hoag Trust" and their agents "from preventing Wells Fargo from garnishing, attaching, executing on or otherwise receiving income from [the CRUTs]."

**¶20** In its motion, Wells Fargo only sought declaratory relief concerning the validity of the spendthrift provisions. However, at the end of its motion, Wells Fargo also requested an injunction against Hoag and the Hoag Trust. Then, after the court granted partial summary judgment, Wells Fargo proposed additional language enjoining Hoag's agents, which the court adopted in its judgment.

**¶21** The court's broad injunction went beyond the court's limited finding that the spendthrift provisions were invalid; therefore, Wells Fargo is not entitled to the injunction as a matter of law. Specifically, the superior court declared the spendthrift provisions invalid as to Wells Fargo's claims against Hoag and the Hoag Trust. Consequently, the injunction should have been limited to prohibiting the use of the spendthrift provisions to prevent Wells Fargo from reaching Hoag's beneficiary interest in the CRUTs. Even though the court had only ruled on the validity of the spendthrift provisions, the court in effect determined that Hoag, the Hoag Trust, and "anyone acting for or on their behalf" have no legal basis to

---

[4] The court provided as an example, 29 U.S.C.A. § 1053(e)(1) (ERISA), which states that "If the present value of any nonforfeitable benefit with respect to a participant in a plan exceeds $5,000, the plan shall provide that such benefit may not be immediately distributed without the consent of the participant."). *In re Mack*, 269 B.R. at 403 n.11.

prevent Wells Fargo from reaching Hoag's beneficiary interest. Thus, the injunction was too broad in scope.

¶22 Moreover, Hoag also argues the injunction is improper because it binds parties that are not subject to the superior court's jurisdiction, namely, the trustee of the CRUTs. We agree. As we previously ruled in *Hoag v. French*, 238 Ariz. 118, 124, ¶ 29 (App. 2015), *as amended* (Sept. 2, 2015), *review denied* (Feb. 9, 2016), the superior court does not have personal jurisdiction over IBMC. As a result, the injunction is void as to IBMC.

## CONCLUSION

¶23 For the above reasons, we affirm the superior court's judgment declaring the spendthrift provisions of the CRUTs invalid. However, we vacate, without prejudice, the court's orders imposing an injunction on Hoag, the Hoag Trust, or the agents of Hoag and the Hoag Trust.



AMY M. WOOD • Clerk of the Court
FILED: AA