[No. 47705–1.   En Banc.   April 15, 1982.]

WARREN L. ERICKSON, *Petitioner,* v. THE BANK OF
CALIFORNIA, N.A., ET AL, *Respondents.*

*David O. Hamlin* (of *Devin, Hamlin & Erickson*), for petitioner.

*Mark S. Elgot* and *Murphy & McGowan,* for respondents.

DORE, J.—The trustee in bankruptcy for George Leslie Schafer appealed a summary judgment of the trial court dismissing his complaint, which attempted to reach the bankrupt's interest in the assets of a spendthrift trust. The cotrustees of the trust refused to submit to an accounting of Schafer's interest in the trust. The Court of Appeals set aside the trial court's summary judgment dismissal and remanded for a factual determination of whether the withholding of payment to the creditors was an abuse of the cotrustees' discretion in denying payments for "necessities". In doing so, the Court of Appeals held that RCW 30.30.120 was not intended to restrict the common law as it relates to spendthrift trusts and that a spendthrift trust does not vest by operation of law in the trustee in bankruptcy under section 70(a)(5) of the former Bankruptcy Act. *Erickson v. Bank of Cal.,* 28 Wn. App. 337, 623 P.2d 721 (1981).

The appellate court applied section 70(c) of the Bankruptcy Act, holding that a creditor who has furnished necessary goods or services to a beneficiary of a spendthrift trust may reach the beneficiary's interest in the trust if (1) the settlor intended that such necessities of life would be provided by trust funds *and* (2) the trustee of the spendthrift trust has authorized payment.

On appeal to this court, the cotrustees contend that all spendthrift trust provisions created by a settlor in a trust instrument are valid and enforceable, and that a trustee in bankruptcy cannot under any circumstances reach the income of the trust. In contrast, petitioner bankruptcy

trustee urges that section 70(c) of the Bankruptcy Act gives him the same right to reach the spendthrift trust as a creditor holding a judgment against the bankrupt on the date of bankruptcy. Upon the expiration of the trust, any such creditor could obtain an order subjecting the vested remainder of the trust to execution for the debts of a remainderman.

## FACTS

George Schafer filed a petition in bankruptcy on April 13, 1978. He and his siblings are beneficiaries of his mother's testamentary trust, clause 6, paragraph 4 of which provides that the cotrustees were given discretionary power to provide as much of the income and principal of the trust as necessary for the maintenance, support and education of each child until they each attain the age of 22.[1] Paragraph 5 of clause 6 of the testamentary trust in pertinent part provides as follows:

> If at any time the Co–Trustees, in their judgment, after taking into consideration all other resources, if any, which may then be known to the Co–Trustees to be available for each child, deems any child over twenty–two

---

[1]Clause 6, paragraph 4 provides:

"The Co–Trustees shall use so much of the net income and principal of the trust estate or the remainder thereof as in their sole discretion is necessary for the maintenance, support and education of each living child, to-wit: GEORGE SCHAFER, ROBERTA SCHAFER, JOAN SCHAFER, and KENNETH SCHAFER, but when such child under twenty–two (22) attains such age, all payments hereunder to or for the benefit of such child shall cease, except as hereinafter provided; the Co–Trustees need not effect equal apportionment among such children under twenty–two (22) years of age, but can take into consideration the greater need of one child over the other, the availability of other income to support said child and the ability of said child to support himself or herself;"

Paragraph 6 of clause 6 goes on to provide further:

"At such time as all of my children shall attain the age of twenty–two (22) years, my Co–Trustees shall . . . divide the trust estate then remaining into equal shares, one share for each then living child, and one share for each then deceased child having then living child or children. Such share shall . . . constitute separate trusts and shall be held, paid and distributed . . .

" . . .

"Thereafter, when such child attains twenty–seven (27) years of age, the then remaining balance of the trust estate, principal accrued income, if any, shall be distributed to such child;"

(22) years of age to be in need of maintenance, support and education, the Co–Trustees, in their discretion, may pay to or use for the benefit of such child so much of the trust estate then remaining as the Co–Trustees deem advisable for such needs, . . .

Clause 7 of the testamentary trust contains the following spendthrift provision:

4. The beneficial interest (in principal or income hereunder) of any beneficiary hereof shall not be subject to claims of the respective beneficiary's creditors or others, nor to legal process, and shall not be voluntarily or involuntarily assigned, alienated or encumbered;

Schafer filed his petition for bankruptcy at the age of 27, and his youngest sibling did not become 22 until 6 months later. Therefore, on the date on which the petition was filed, Schafer was not entitled to receive his portion of the trust assets.

I

We turn first to the issue of the validity of spendthrift trusts in Washington. Although unreasonable restraints on the alienation of real property are invalid, reasonable restraints on alienation have been upheld where justified by the legitimate interests of the parties. *Bellingham First Fed. Sav. & Loan Ass'n v. Garrison,* 87 Wn.2d 437, 553 P.2d 1090 (1976). RCW 6.32.250[2] has been said to have the "practical effect . . . to clothe every active trust with statutory spendthrift provisions, at least in so far [*sic*] as attempts by creditors of a beneficiary to reach his interest by legal process are concerned". *Seattle First Nat'l Bank v. Crosby,* 42 Wn.2d 234, 243, 254 P.2d 732 (1953).

---

[2]RCW 6.32.250 provides:

"Property exempt from seizure. This chapter does not authorize the seizure of, or other interference with, any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, where it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor."

In *Milner v. Outcalt,* 36 Wn.2d 720, 722, 219 P.2d 982 (1950), we upheld express spendthrift provisions in trust instruments, stating:

> We are of the opinion that the restraint on alienation of the principal or income of the trust is valid. . . . The essential idea of a spendthrift trust is that the beneficiary cannot deprive himself of the right to future income under the trust. . . . The intention of the settlor that the beneficiary should receive the trust property free and clear of liens and other charges, should be given effect. In view of the nature of these trusts, creditors of Outcalt were on notice of the restraints on alienation.

Ordinarily, a property owner has the power to dispose of his property as he wishes, as long as he does not violate public policy. The owner and donor of the property should be free to select the trust beneficiary who will enjoy his bounty, and should be able to put enforceable provisions in the trust which will prevent his trust beneficiary from voluntarily conveying or assigning his interest, thus precluding any creditor from taking that interest away from the beneficiary.

## II

We turn next to the issue of whether the interest of the beneficiary in a spendthrift trust may be reached by a trustee in bankruptcy. Section 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c) (1976), provides in part:

> The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

Petitioner also based his argument upon RCW 30.30.120,

which provides:

> Nothing in RCW 6.32.250 shall forbid execution upon the income of any trust created by a person other than the judgment debtor for debt arising through the furnishing of the necessities of life to the beneficiary of such trust; or as to such income forbid the enforcement of any order of the superior court requiring the payment of support for the children under the age of eighteen of any beneficiary; or forbid the enforcement of any order of the superior court subjecting the vested remainder of any such trust upon its expiration to execution for the debts of the remainderman.

The trustee contends specifically that (1) the bankrupt's interest was a vested remainder and that RCW 30.30.120 should apply; and (2) a creditor who furnishes necessities of life may reach the spendthrift trust, and a bankruptcy trustee may, likewise, reach the bankrupt's interest in the trust.

Petitioner's argument that RCW 30.30.120 should apply to section 70(c) is not persuasive. As the Court of Appeals noted, although the language of RCW 30.30.120 restricts the broad application of RCW 6.32.250, there is no indication that it was meant to restrict the common law as it relates to spendthrift trusts. Therefore, it is not applicable to a trust which contains an express spendthrift provision as permissible under common law.

The trustee in bankruptcy's argument that a creditor can assert a claim for necessities of life against the bankrupt beneficiary's interest in a spendthrift trust under section 70(c) of the Bankruptcy Act, however, is controlling. This "strong arm" provision's predecessor was said to confer upon the bankruptcy trustee the status of "the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings". *In re Waynesboro Motor Co.*, 60 F.2d 668, 669 (S.D. Miss. 1932). While the issue of whether the trustee is entitled to such a status is a federal question to be answered under the

Bankruptcy Act, the extent of the trustee's rights, remedies and powers as a lien creditor are measured by the substantive law of the jurisdiction governing the property in question. *See* 4B W. Collier, *Bankruptcy* ¶ 70.49, at 602–03 (14th ed. 1978).

The Restatement (Second) of Trusts § 157 (1959) provides:

> Although a trust is a spendthrift trust . . . the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,
>
> . . .
>
> (b) for necessary services rendered to the beneficiary or necessary supplies furnished to him . . .

In *Knettle v. Knettle,* 197 Wash. 225, 84 P.2d 996 (1938), this court held that under section 157, even a spendthrift trust may be subjected to the support of a wife or child, or the alimony awarded to the divorced wife of the beneficiary. The rationale for this exception—that the beneficiary is legally obligated on the debt and spendthrift trusts are sanctioned for the purpose of providing the beneficiary with living expenses—applies equally to suppliers of necessities. *See* G. Bogert, *Trusts and Trustees* § 224 (2d rev. ed. 1979).

The ultimate question thus becomes whether or not the trustee of the bankrupt estate can "step into the shoes" of such a hypothetical creditor described in section 70(c). This issue appears to be one of first impression, both here in Washington and in other jurisdictions. Several cases from other jurisdictions have held that if there are judgment creditors under state law who can garnish a certain portion of the income of the trust which would otherwise be exempt or inalienable, the trustee in bankruptcy may secure that portion of the trust through his powers under section 70(c). *See* cases in 4A W. Collier, *Bankruptcy* ¶ 70.26, at 370 n.8 (14th ed. 1978), including *In re Irving Trust Co.,* 267 N.Y. 102, 195 N.E. 811, *appeal dismissed and cert. denied,* 296 U.S. 539, 80 L. Ed. 383, 56 S. Ct. 139 (1935); *Sarver v. Towne,* 285 N.Y. 264, 34 N.E.2d 313

(1941); *Jenks v. Title Guarantee & Trust Co.*, 170 A.D. 830, 156 N.Y.S. 478 (1915).

Although these cases appear to deal only with general judgment creditors, rather than creditors having "special claims," the policy is equally, if not more, applicable in cases of suppliers of necessities and alimony and child support claims. As a hypothetical lien creditor, the trustee in bankruptcy may "step into the shoes" of any creditor who *could* (but not necessarily *does*) exist under the terms of the trust. He may, therefore, invade the spendthrift trust in the place of the creditors who furnished "necessities" to Schafer as discussed above.

In this case, the settlor of the trust intended that necessities of life would be provided by trust funds. Suppliers of necessary goods and services to the beneficiary should be able to reach the beneficiary's interest in the trust, whether or not the withholding of payment is properly within the discretion of the cotrustees. We, therefore, decline to take the approach of *In re Estate of Dodge,* 281 N.W.2d 447 (Iowa 1979),[3] which the Court of Appeals relied upon in reaching its decision.

The facts of this case further support our decision not to allow the trust beneficiary to defraud creditors by hiding behind a spendthrift trust provision. Section 70(a) of the Bankruptcy Act provides that all property which vests in the bankrupt within 6 months after bankruptcy by bequest, devise or inheritance shall vest in the bankruptcy trustee. Schafer incurred debts for numerous necessities such as doctors, ambulance services, telephone services, utilities

---

[3]In *In re Estate of Dodge,* 281 N.W.2d 447, 451 (Iowa 1979), the court applied the Restatement (Second) of Trusts § 157(b) (1979) stating: "We do not adopt the § 157(b) standard without qualification and would require an additional showing similar to that made in this case, i. e., that (1) the claim is for necessary goods or services, not officiously rendered, which the settlor intended to be provided the beneficiary by trust funds; and (2) the withholding of payment for the goods and services is not properly within the discretion granted the trustee by the instrument, before a creditor's claim may be enforced against the trustee of a support trust subject to a spendthrift clause."

and hospitals.[4] He then deliberately filed his petition in bankruptcy 6 months and 6 days before he believed his beneficial interest in the trust would vest, thus attempting to make his interest nontransferable to the bankruptcy trustee under federal law. Had Schafer filed bankruptcy just *7 days* later, his creditors could have secured the assets he received under the spendthrift trust. We cannot condone this obvious attempt to benefit from obtaining necessary goods and services without paying for them. The settlor of this trust would also undoubtedly disapprove of Schafer's effort to defraud the suppliers of necessities for which the settlor intended to provide.

### Conclusion

We modify the Court of Appeals decision by holding that the ability of the trustee in bankruptcy to reach a beneficiary's interest in a spendthrift trust is not dependent upon the exercising of the trustee's discretionary power. Section 70(c) of the Bankruptcy Act allows the trustee in bankruptcy, as a hypothetical lien creditor holding a judgment against the debtor on the date of bankruptcy, to reach the spendthrift trust for debts incurred by Schafer for *necessities* of life. The settlor provided for the necessities of life for her children, and her intentions should not be arbitrarily violated. This is the only just and equitable conclusion in this matter. To hold otherwise would be to hand spendthrift trust beneficiaries an active sword for defrauding creditors against the public policy of this state.

We modify the Court of Appeals reversal of the trial court's summary judgment of dismissal, and remand for a determination of whether the goods purchased were "necessities". If they were, and the amounts paid were reasonable, such purchases shall be paid from assets of the spendthrift trust.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, and DIMMICK, JJ., concur.

---

[4]See Bankruptcy Petition of George Schafer, Clerk's Papers at 98–99, listing persons to whom he owed debts.