In re Ronald L. and Debra L. JORDAN, Debtors.

Karen L. HERRIN, Trustee, Appellant,

v.

Ronald and Debra JORDAN, Appellees.

BAP No. WW 88–1208–RMoAs.

Bankruptcy No. 87–05372.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 19, 1988.

Decided Jan. 13, 1989.

Karen L. Herrin, Mt. Vernon, Wash., for appellant.

Ann E. Kruse, Woodinville, Wash., for appellees.

Before RUSSELL, MOOREMAN and ASHLAND, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The trustee appeals from a grant of summary judgment holding that debtors' interest in a trust is not an asset of the estate pursuant to 11 U.S.C. § 541(c)(2). We affirm.

### FACTS

While working for Burlington Northern Railroad (BN) in 1984, debtor Ronald Jordan was injured in a car derailment that required amputation of his left leg below the knee. Jordan has continued working for BN, but at lower pay because of his injury.

In 1985 Jordan entered into a structured settlement with BN to compromise his claims against the company. The agreement stipulated that as compensation for his injuries, BN would make an initial payment of $50,000 to Jordan. To ameliorate the future consequences of the accident, the agreement required that BN establish a spendthrift trust financed by an annuity that pays $1,400 a month until the year 2000. Additionally, the trust will provide lump sum payments of $20,000 in April 1995 and $100,000 in April, 2000.

In July 1987 Ronald and Debra Jordan filed a joint voluntary Chapter 7 petition. They disclosed their interest as beneficiaries of this trust, but claimed that it was not part of the estate under § 541(c)(2). In the alternative, the Jordans claimed that the trust was exempt under the disability benefit and personal injury compensation exemptions of 11 U.S.C. § 522.

The trustee filed an objection to the claim of exemption in September, 1987 and moved for summary judgment. The Jordans filed a counter motion for summary judgment to exclude the trust from the estate, or in the alternative, to exempt the trust.

The bankruptcy court granted summary judgment for the Jordans. The court found that funds used to settle the trust came from BN, that the structure and terms of the trust were determined by BN, and that Ronald Jordan had exercised only minimal control in the settlement process. Based on these findings, the court ruled that Burlington Northern is the settlor of the settlement agreement trust. Therefore, under the provisions of § 541(c)(2) the annuity fund is not part of the bankruptcy estate. The trustee's objection to claim of exemption was dismissed with prejudice.

The trustee filed a timely appeal.

### ISSUE

Whether a valid spendthrift trust which may be excluded from the estate has been created when an employer establishes a trust for an employee containing an anti-alienation clause as settlement for an on the job injury.

### STANDARD OF REVIEW

A grant of summary judgment is reviewed independently. *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987). The appellate court must determine, viewing the evidence in the light most favorable to the party opposing summary judgment whether there are any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir. 1984).

### DISCUSSION

Section 541(c)(2) of the Bankruptcy Code provides that:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2).

It is well established that the term "applicable nonbankruptcy law" applies to state law. 11 U.S.C. § 541(c)(2); *In re Daniel*, 771 F.2d 1352, 1355 (9th Cir.1985),

*cert. denied,* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). In this case, applicable nonbankruptcy law is Washington state law. If the restriction on transfer contained in the trust satisfies the spendthrift trust laws of the State of Washington, the restriction is enforceable in bankruptcy and the trust is not property of the estate.

Two requirements must be met for a spendthrift trust to be valid under Washington law:

> [T]here are two basic requirements for a valid spendthrift trust in Washington State. (1) The trust must be funded by, or proceed from, a settlor other than the beneficiary. The settlor cannot create a spendthrift trust for his own benefit and thereby place his property beyond the reach of his creditors. (2) The beneficiary must not be able to deprive himself of the right to future income under the trust.

*In re White,* 61 B.R. 388, 392 (Bankr.W.D. Wash.1986) (citations omitted); *See also In re Pettit,* 61 B.R. 341 (Bankr.W.D.Wash. 1986).

### *Is this a self-settled trust?*

The trustee contends that Jordan settled this trust, thus violating the first requirement for validity. She argues that Jordan provided consideration for funding the trust when he released his claim against BN. "One who furnishes the consideration necessary to induce another to create a trust is the settlor of the trust when it is created." G. Bogert & G. Bogert, *Trusts and Trustees* § 41, at 428 (rev. 2d ed. 1984); *See also Restatement (Second) of Trusts* § 156, comment f, at 327 (1959).

The panel did not find any Washington State case law on point. Analogous cases construe employee benefit trusts. Both parties rely on *In re White,* 61 B.R. 388 (Bankr.W.D.Wash.1986) and *In re Pettit,* 61 B.R. 341 (Bankr.W.D.Wash.1986) to argue their case. The issue in each of these cases was whether an employee benefit trust was self-settled. Both courts held that a trust is not self-settled under Washington law merely because the beneficiary provided consideration through past or con-

tinuing services. *In re Pettit,* 61 B.R. 341, 346 (Bankr.W.D.Wash.1986). *In re White,* 61 B.R. 388, 393 (Bankr.W.D.Wash.1986). The *White* court further elaborated that pension funds are not self-settled merely because they are funded in part by employee contributions. *Id.*

To determine whether the pension plans were self-settled, the *Pettit* and *White* courts looked at the control exercised by the employee over the trust in issue. Starting with the assumption that benefit plans are a necessary incident of employment, each court looked at the control the employee had within the company, whether the employee could determine the contributions to the plan, the investments made by the plan, and the distributions from the trust plan. In short, the courts looked to the amount of control exercised by the employee in the employer-employee relationship. *In re White,* 61 B.R. at 393.

Compensation to injured employees is a necessary incident of employment. The policy of BN is to negotiate structured settlements with its injured employees for a variety of reasons including tax benefits as well as employee morale and welfare. The trial court found that Jordan merely acquiesced to the trust agreement and never had control over the funds that settled the trust. Jordan's only right under the trust is to receive the monthly payments BN chose to give him. Creditors could not have relied on the trust's existence in extending credit to any greater extent than they would have relied on future income from a vested pension plan.

Cases involving employee benefit trusts, while persuasive, are not controlling. In the absence of controlling law, we must look at this issue in light of the purpose of the Bankruptcy Code. "The most important consideration in limiting the breadth of the definition of 'property' lies in the basic purpose of the Bankruptcy Act to give the debtor a new opportunity in life and a clear field for future effort...." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244–245, 54 S.Ct. 695, 699, 78 L.Ed. 1230; *See, Lines v. Frederick,* 400 U.S. 18, 18–19, 91 S.Ct. 113, 113–114, 27 L.Ed.2d 124, (1970); *see, In re*

*Keniston,* 85 B.R. 202, 217 (Bankr.D.N.H. 1988). Clearly, as a matter of public policy, Jordan should not be deprived of a valid trust established by his employer to insure his future security and give him the same opportunities he would have had without the injury.

This case can be distinguished from a litigation settlement illustrated in the *Restatement (Second) of Trusts:*

> If a person contests a will and in order to settle the contest a spendthrift trust is created in his favor, he has given consideration in agreeing to the settlement made, and the trust created is within the rule of this Section [that a self-settled trust may be reached by the beneficiary's creditors].

*Restatement (Second) of Trusts* § 156, comment f, illustration 2, at 327 (1959).

The character of Jordan's claim and release of liability differs from that of a will contest. Underlying the dispute in a will contest is each party's willingness to accept a gift. The transaction is consensual in nature. But the transaction between Jordan and BN does not center on a gift, nor is it consensual in nature. Jordan did not consent to the personal injury giving rise to the settlement. In this transaction BN is compensating Jordan for the loss of his leg while he was in its employment. The damage to Jordan impaired his earning ability. The trust was established as a source of future income to offset Jordan's lower wages and anticipated high medical bills resulting from the accident. Therefore, the transaction between the parties was predicated on the employer-employee relationship and arose from the duty each owed the other.

*Can the beneficiary deprive himself of future income?*

The trust satisfies the second requirement for a valid spendthrift trust under Washington law. "The essential idea of a spendthrift trust is that the beneficiary cannot deprive himself of the right to future income under the trust." *Milner v. Outcalt,* 36 Wash.2d 720, 722, 219 P.2d 982, 984, (1950); *Accord Erickson v. Bank of California,* 97 Wash.2d 246, 248, 643 P.2d 670, 672, (1982).

The trust established in the settlement contains an effective anti-alienation clause. The Jordans do not have any control over the trust that would allow them to circumvent this provision. No evidence has been offered to show that the Jordans can manipulate the trust for their own purposes or alter timing of the payments. The trust serves only as source of future income and is not in the nature of present savings. *See In re White,* 61 B.R. at 393.

## CONCLUSION

In the absence of controlling law to the contrary, we find the anti-alienation provision in the trust to be valid, where the beneficiary merely acquiesced in the spendthrift trust provisions and never had control over the funds that settled the trust. Therefore, pursuant to 11 U.S.C. § 541(c)(2), we affirm the Bankruptcy Court's decision that the trust established by the settlement agreement between Ronald L. Jordan and Burlington Northern Railroad is not property of the estate.