In re Ronald L. JORDAN, Debra L. Jordan, Debtors.

Karen L. HERRIN, Trustee, Appellant,

v.

Ronald L. JORDAN, Debra L. Jordan, Appellees.

No. 89–35092.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1990.

Decided Sept. 19, 1990.

Karen L. Herrin, Mount Vernon, Wash., for trustee/appellant.

Ann E. Kruse, Woodinville, Wash., for debtors/appellees.

Before KOELSCH, ALARCON and RYMER, Circuit Judges.

ALARCON, Circuit Judge:

Karen Herrin, the trustee in bankruptcy, appeals from the Bankruptcy Appellate Panel's (BAP's) judgment affirming the bankruptcy court's grant of summary judgment in favor of the debtors Ronald and Debra Jordan.

We must decide whether a trust containing restrictions against assignment and alienation, created to compensate a debtor for the release of his personal injury claim, is a spendthrift trust under Washington law and is, therefore, excludable from his estate pursuant to 11 U.S.C. § 541(c)(2). The BAP affirmed the Bankruptcy Court's judgment that the trust created to settle Ronald Jordan's personal injury claim against his employer, Burlington Northern Railroad (BN), should be excluded from the bankruptcy estate because it was a valid spendthrift trust. *In re Jordan*, 96 B.R. 284, 287 (9th Cir. BAP 1989).

We conclude that the fund created by the settlement and release is not a spendthrift trust under Washington law and reverse.

## I

Ronald Jordan, while employed as a signal maintainer by BN was injured on December 26, 1984 in an on-the-job accident. As a result, his left leg was amputated six inches below the knee.

On April 2, 1985, Ronald Jordan entered into a structured settlement agreement. Mr. Jordan agreed to compromise and settle his personal injury claim against BN. In exchange for Mr. Jordan's promise not to file a civil action for damages for his personal injuries, BN agreed to make the following payments to Mr. Jordan:

1. An initial cash payment of $50,000.

2. A cash payment of $20,000 on April 1, 1995.

3. A cash payment of $100,000 on April 1, 2000.

4. Payments of $1,400 per month commencing May 15, 1985 until April 15, 2000.

BN further agreed to purchase an annuity contract through First Colony Life Insurance Company of Lynchburg, Virginia to satisfy the lump sum payments and the monthly installments. The agreement also provided that "[n]o amount payable or to become payable under the terms of this agreement shall be subject to anticipation or assignment ... or ... attachment by ... any creditor."

The Jordans filed a voluntary petition for bankruptcy on July 13, 1987. The debtors disclosed the existence of the annuity created by BN in consideration for the settlement of Ronald Jordan's personal injury claim. The Jordans claimed that the amounts payable under the settlement agreement were not a part of the bankruptcy estate. They also contended that these sums were exempt under 11 U.S.C. § 522.

The trustee in bankruptcy filed an objection to the claim of exemption and moved for summary judgment. The Jordans filed a counter motion for summary judgment.

The bankruptcy court concluded that the fund was excludable from the bankruptcy estate and granted summary judgment in favor of the Jordans. The BAP affirmed on the ground that the settlement agreement created a valid spendthrift trust.[1]

## II

The trustee in bankruptcy contends that the settlement agreement did not create a valid spendthrift trust under Washington law because Ronald Jordan was a settlor of the fund. We agree.

We review a grant of summary judgment *de novo*. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir. 1989). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the court below correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

The Bankruptcy Act excludes a valid spendthrift trust from the debtor-beneficiary's estate. *In re Daniel*, 771 F.2d 1352, 1360 (9th Cir.1985). "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable bankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). Thus, we must look to Washington law to determine whether the compromise and settlement agreement created an enforceable spendthrift trust.

Under Washington law there are two requirements for a valid spendthrift trust. First, "[t]he trust must be funded by, or proceed from, a settlor other than the beneficiary. The settlor cannot create a spendthrift trust for his own benefit and thereby place his property beyond the reach of his

---

1. Because the bankruptcy court concluded that the fund resulting from the structured settlement agreement was excludable from the debtor's estate as a valid spendthrift trust, it did not · reach the question whether the compensation received by Ronald Jordan as a result of his personal injury was exempt pursuant to 11 U.S.C. § 522. Neither party has raised any issue in this appeal concerning the applicability, if any, of section 522 to the annuity fund.

creditors." *In re White*, 61 B.R. 388, 392 (W.D.Wash.1986) (citing *Erickson v. Bank of California*, 97 Wash.2d 246, 250, 643 P.2d 670 (1982)); *see also* Wash.Rev.Code § 6.32.250. Second, "[t]he beneficiary must not be able to deprive himself of the right to future income under the trust." *In re White*, 61 B.R. 388, 392 (W.D.Wash. 1986) (citations omitted). We must determine whether Ronald Jordon created a trust for his own benefit in exchange for his right to file a claim for personal injuries against BN.

As a result of the personal injury suffered by Ronald Jordan, he had a cause of action for damages against BN. This cause of action would have been a part of the Jordans' bankruptcy estate if he had not compromised his claim. *See Sierra Switchboard Co. v. Westinghouse Elec. Co.*, 789 F.2d 705, 708–09 (9th Cir.1986) (personal injury claims are part of a bankruptcy estate under 11 U.S.C. § 541).

█ Instead of pursuing his claim for damages for personal injuries, Ronald Jordan agreed to exchange his cause of action for cash payments that will exceed $200,000. Rather than accepting one lump sum payment, Ronald Jordan agreed that the money owing to him under the settlement be placed in a trust that was beyond the reach of his creditors. Because the money placed in the fund is directly traceable to Ronald Jordan's property interest in his cause of action against BN, he was the settlor of the trust. "One who furnishes the consideration necessary to induce another to create a trust is the settlor of the trust when it is created." C. Bogert & E.G. Bogert, Trusts and Trustees § 41, at 421 (rev. ed. 1984); *see also* II A W. Fratcher & A. Scott, *Scott on Trusts* § 156.3, at 180 (1987); Restatement (Second) of Trusts § 156, at 326–27. Thus, it follows that the fund that resulted from the settlement agreement is not an enforceable spendthrift trust under Washington law.

Our research did not disclose any Washington case which discusses the enforceability of a spendthrift trust created pursuant to an agreement to settle a cause of action. The Restatement (Second) of Trusts, however, provides a persuasive analogy:

> If a person contests a will and in order to settle the contest a spendthrift trust is created in his favor, he has given consideration in agreeing to the settlement made, and the trust created is within the rule of this Section [that a self-settled trust may be reached by the beneficiary's creditors].

Restatement (Second) of Trusts § 156, comment f, illustration 2, at 327.

In its published opinion, the BAP attempted to distinguish the hypothetical facts set forth in the Restatement on the ground that "Jordan did not consent to the personal injury giving rise to the settlement." *In re Jordan*, 96 B.R. at 287. While the BAP's observation is accurate, it demonstrates a clear misunderstanding of the purport of the illustration set forth in the Restatement. In the hypothetical, the contestant did not consent to the interpretation of the will that would have denied him benefits. He consented to the settlement agreement. The facts show that Ronald Jordan consented to the settlement agreement. The consideration he received in agreeing to compromise his personal injury claim provided the funds that created the trust. Accordingly, the restrictions against alienation or assignment are not enforceable.

The rule that a trust created from the beneficiary's property is not protected from his creditors was applied in *In re White*, 61 B.R. 388 (W.D.Wash.1986) (applying Washington trust law), and *In re Pettit*, 61 B.R. 341 (W.D.Wash.1986) (same). In *In re White*, the debtors, William and Cecelia White, were the sole stockholders and directors of a corporation. Using corporate funds, the Whites created a "Profit Sharing Trust" naming themselves as beneficiaries and William White as trustee. Because the trust included anti-alienation clauses, the Whites sought to exclude the trust from their bankruptcy estate claiming it was a spendthrift trust. The bankruptcy court held that the trust did not constitute a valid spendthrift trust because the Whites attempted to place their own funds beyond the reach of their creditors. *In re White*, 61 B.R. at 393.

In *In re Pettit,* the bankruptcy court dealt with two different types of employee benefit plans, one of which was included in the estate because it was self-settled and the other which was partially excluded as a spendthrift trust. *In re Pettit,* 61 B.R. at 346–47. The self-settled plan was a savings benefit program administered by the debtor's employer in which the employee's contributions were matched by the employer equal to 50 percent of the employee's contributions. The employer's contribution did not vest in the employee for two years. Vested portions of the plan could be withdrawn, but such withdrawals incurred a penalty. The bankruptcy court held that the savings plan did not constitute a valid spendthrift trust because it was "funded mainly by the debtor/beneficiary" and could have been invaded as to most of the funds by the beneficiary if he was willing to incur the penalty. 61 B.R. at 346. The excluded plan was an employee stock option plan funded solely by the employer. The bankruptcy court held that the employee stop option plan constituted a valid spendthrift trust with respect to the stock that the employees could not reach. *In re Pettit,* 61 B.R. at 347. The Jordans argue that the spendthrift trust created in settlement of the personal injury claim is similar to the employee stock option plan in *Pettit* in that all the funds placed in the spendthrift came from BN, Ronald Jordan's employer. We reject this novel preposition.

Ronald Jordan's right to compensation for injuries caused by BN's tortious conduct was not a benefit that is derived from his employment. His right to compensatory damages for his employer's tortious conduct is independent of any compensation he receives for his personal services.

Because the trust was funded from the consideration received by Ronald Jordan in exchange for the settlement of his personal injury claim, it was self settled under Washington law and was not excludable from the bankruptcy estate.

REVERSED.