[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This motion for summary judgment ostensibly raises a question of general importance: whether negligent spoliation of evidence is an actionable tort in Connecticut. A close study of the evidence submitted by the parties, however, establishes that the case should be decided on narrower grounds. The evidence establishes that one of the plaintiffs sold the evidence in question (an automobile) to the defendant prior to the alleged spoliation. Because the defendant had purchased the property in question from the plaintiff subsequent to the accident and no restriction on alienation had been placed in the contract of sale, the defendant was free to dispose of the property as it chose. The broader policy questions raised by the parties can safely be left for another day.
The evidence submitted by the parties shows that on December 18, 1991, the minor plaintiff, Michael Fontanella ("Michael") was injured in a motor vehicle accident. Michael claims that the accident was caused by the malfunction of the automobile that he was driving at the time (the "vehicle"). The merits of that claim are not now before me. Michael's mother, Rose Fontanella, owned the vehicle and had it insured by Liberty Mutual Insurance Co. ("Liberty"). Liberty determined that the vehicle was a total loss. On January 6, 1992, Rose sold the vehicle to Liberty for $3,210. Liberty subsequently disposed of the vehicle.
On August 10, 1994, Michael and Rose commenced the case ofFontanella v. Chrysler Corp., No. 364764 (N.H.J.D.) (the"Chrysler" case), by service of process. They allege in theChrysler case that Michael's injuries were caused by the defective and dangerous condition of the vehicle. The Chrysler
case is still pending.
On December 17, 1994, the Fontanellas commenced the present case by service of process. Liberty is the sole defendant. Although the complaint is in four counts, the Fontanellas concede that judgment may enter against them on the third and fourth counts, and those counts need not be further discussed. The first and second counts are the counts in contention here. The first count alleges that Michael has been injured by Liberty's negligence in disposing of the vehicle in that his right of action in the Chrysler case has been impaired. The second count alleges that Rose has been similarly injured by the same negligence. On May 4, 1998, Llberty filed the motion for summary judgment now before me. The motion was heard on August 24, 1998. CT Page 1946
The essence of Liberty's argument is that, under the circumstances of this case, it had no duty to the Fontanellas, recognized by the law of torts, to retain the vehicle after purchasing it from Rose. The issue is squarely one of duty. "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are to be determined by the circumstances surrounding the conduct of the individual." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 385, 650 A.2d 153 (1994). (Internal quotation marks omitted.) "[T]he determination of whether a duty exists between individuals is a question of law." Jaworski v.Kiernan, 241 Conn. 399, 404, 696 A.2d 332 (1997). "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. "Shore v. Town of Stonington, 187 Conn. 147,151-52, 444 A.2d 1379 (1982). The question is thus whether Liberty owed a duty to the plaintiffs in the situation here.
When a party to a civil action Spoliates evidence, the problem is appropriately addressed by an adverse inference from the spoliation drawn at the eventual trial. Beers v. BaylinerMarine Corp., 236 Conn. 769, 675 A.2d 829 (1996). The drawing of such an adverse inference will obviously be of limited utility when the spoliation is done by a third party. There is currently a lively controversy as to whether negligent spoliation of evidence by a third party is an actionable tort. There is no Connecticut appellate law on this subject, and the subject divides courts of other jurisdictions, as recent advance sheets indicate. Compare Holmes v. Arnerex Rent-A-Car, 710 A.2d 846
(D.C. 1998) (holding that such a tort exists in the District of Columbia), with Elias v. Lancaster General Hospital, 710 A.2d 65
(Pa.Super. 1998) (holding that such a tort does not exist in Pennsylvania). See Cedars-Sinai Medical Center v. Superior Court,954 P.2d 511, 521 n. 4 (Cal. 1998) (reserving decision on this issue). See also, Thomas G. Fischer, Annotation, IntentionalSpoliation of Evidence, Interfering with Prospective CivilAction, as Actionable, 70 A.L.R. 4th 984, 993 (1989). For reasons about to be briefly explained, however, this case does not raise that general issue.
In this case, the plaintiff, Rose Fontanella, sold the vehicle to Liberty after the accident in question. The bill of sale contains no restrictions on Liberty's ability to dispose of CT Page 1947 the vehicle. Such a provision could presumably have been written in the contract, but it was not. The plaintiffs make no breach of contract claims. Under these circumstances, Liberty owned the vehicle outright and owed no duty to anyone, including the plaintiffs, not to dispose of it as Liberty saw fit.
"The jus disponendi is an incident of the ownership of property." Osage Oil Refining Co. v. Chandler, 287 F. 848, 851
(2d Cir. 1923). "Concomitant with the right to regulate and control one's property is the right to dispose of it as one sees fit." Adams v. Bradshaw, 599 A.2d 481, 484 (N.H. 1991). "It is axiomatic that a [person] may dispose of his or her property in any manner chosen so long as the disposition is not prohibited by law or public policy." Young v. Ohio Department of HumanServices, 668 N.E.2d 908, 910 (Ohio 1996). Accord Erickson v.Bank of California, NA., 643 P.2d 670, 672 (Wash. 1982).
There is no public policy that prohibits someone who has purchased an automobile from subsequently disposing of that vehicle. Moreover, even if there were to be a rule of law prohibiting a third party who owns property involved in an accident from subsequently disposing of that property, such a rule would make no sense when applied to a third party who purchases the property after the accident from the very person who claims to have been injured by the accident and who now claims that she needs the property as evidence. If the owner of the property at the time of the accident is injured as a result of the accident and wishes to preserve the property, that owner should plainly not sell the property in the first place. At a minimum, the former owner should appropriately be expected to place the desired restrictions on subsequent disposition in the contract of sale. That was not done here, and the plaintiffs are simply in no position to complain about the asserted loss that has resulted.
The law does not favor policies that restrict the jus disponendi of owners of property. The law, to the contrary, " favors the free alienation of property." 63C Am. Jur.2d Property
§ 35 at 103 (1997). Under the circumstances of this case, Liberty owed the plaintiffs no duty not to dispose of the vehicle as it chose.
The motion for summary judgment is granted.
BLUE, J. CT Page 1948